## CANADY *et al. v.* JONES.

The judgment of nonsuit was proper. A right of recovery in plaintiffs suing as heirs at law of a named person, based upon a superior title from a common grantor, is not established when there is no proof connecting the plaintiffs with the alleged common grantor, and where the description of the land in the deeds produced by the defendant under notice is different from that of the land as described in the petition; there being no admission in the pleadings that the defendant's claim of title is under the alleged common grantor, and no proof tending to identify the locus in quo with the land described in the deeds produced by the defendant.

FEBRUARY 20, 1914.

Complaint for land. Before Judge Rawlings. Emanuel superior court. July 18, 1913.

*T. N. Brown,* for plaintiffs.

*Williams & Bradley,* for defendant.

EVANS, P. J. Certain plaintiffs, describing themselves as heirs at law of Martha Canady, brought an action of complaint for land against Allen Jones. The defendant denied every allegation of the petition, except that he was in possession of the land. On the trial the plaintiffs introduced three deeds, produced in court by the defendant under notice. One of these was from Madison Warren to Solomon Canady and Martha Canady, purporting to convey 652 acres of land described therein. The second was from the administrator of Solomon Canady to Algerene Youmans, purporting to convey 652 acres of described land. The third was from the administrators of Algerene Youmans to the defendant, purporting to convey 652 acres of land as described. In the notice to produce the deeds were specifically described, and no reference was made to them as covering the land in dispute or as constituting the defendant's muniments of title. Proof was submitted that Martha Canady was dead, and that no administration had been granted upon her estate. Upon this testimony the court granted a nonsuit. It is recited in the bill of exceptions that the nonsuit was granted "upon the ground that plaintiffs had failed to show that their ancestor, Martha Canady, died in possession of the lands in question," though the order granting the nonsuit is general.

Counsel for the plaintiffs in his argument admits that there was no proof that the ancestor died in possession of the locus in quo, but contends that the evidence made out a prima facie case in the

plaintiffs to recover upon proof that they and the defendant claimed title under a common propositus, and that the defendant's title, while purporting to cover the entire land, in fact, only covered one half of the same. The evidence relied upon to establish a prima facie case, based upon a claim of title from a common propositus, was insufficient. First, it did not show that the plaintiffs were the heirs at law of Martha Canady. Secondly, the description in the petition of the locus in quo and the description of the land purporting to be conveyed by the deeds produced by the defendant under notice are not identical. Indeed, the land is described by abutting owners, and the abutters' names appearing in the deeds are different from those appearing in the petition describing the locus in quo. No adminicular proof was submitted to show the identity of descriptions, nor was there any proof to show that the defendant claimed title to the locus in quo under the deeds which he produced under notice. Until it appears from the pleadings or the proof that a case of holding under a common grantor is involved, the plaintiff is not relieved of the necessity of proving title in himself. Powell on Actions for Land, §§ 361, 365. There was no error in granting a nonsuit.

*Judgment affirmed. All the Justices concur.*