## HUTCHESON *v.* HUTCHESON.

No. 14832. MAY 4, 1944.

*E. L. Stephens,* for plaintiff in error.
*Rowland & Rowland,* contra.

ATKINSON, J. Mrs. Frances Hutcheson filed in Johnson superior court a petition against her husband, William L. Hutcheson, for temporary and permanent alimony, based on a pending suit for divorce. The husband was in the military service of the

United States. The writ of error presented by the husband recites: "After hearing evidence . . and . . conduct and relationship of the parties, including the necessities of the wife," the court "awarded temporary alimony in an amount not to exceed the allotment made to [by?] Captain William L. Hutcheson for the support of his wife, or the amount to which he is entitled under the act of Congress relating thereto for such support, or the rules and regulations of the government of the United States, the exact amount of said allotment to be ascertained and hereafter added by the court. And that this temporary alimony continue until a final hearing."

"Every judgment must be certain and definite as to its amount. This element of certainty is present when the exact amount of the judgment may be ascertained by the subtraction of one named sum from another named sum, as provided in the judgment." *Moody* v. *Muscogee Manufacturing Co.,* 134 *Ga.* 721 (3) (68 S. E. 604, 20 Ann. Cas. 301). "It is a fundamental rule that a judgment should be complete and certain in itself." 30 Am. Jur. 828, § 20. "The general rule is that judgments must be certain and definite as to the amount thereof." Id. 830, § 24. "Where the amount can be ascertained by mere computation, . . the court [may] make the computation." 33 C. J. 1176, § 109. "What the judge orally declares is no judgment until it has been put in writing and entered as such." *McRae* v. *Smith,* 164 *Ga.* 23 (7) (137 S. E. 390); *Foy* v. *McCrary,* 157 *Ga.* 461 (121 S. E. 804).

In its present state, the instant judgment is incomplete, ineffective, and may be termed an inchoate judgment. It shows on its face that it is not final, but premature, and the writ of error is accordingly dismissed.

*Writ of error dismissed. All the Justices concur.*