## 52680. CLARY v. BROWN.

SMITH, Judge.

William Higdon and Donald A. Clary brought an action against Clois Wayne Brown seeking recovery of alleged damages sustained as the result of a collision between defendant's automobile and an automobile owned by Higdon and driven by Clary, Higdon seeking recovery of damages to his automobile and Clary seeking recovery of damages for personal injuries, medical expenses, etc. The defendant answered, denying the material allegations of the complaint and filed a

counterclaim in the amount of $1,500 for damage to his automobile. The defendant Brown propounded interrogatories to the plaintiffs, and upon the plaintiffs' failure to answer, defendant moved for an order requiring plaintiffs to answer. Upon hearing, the order was granted, requiring the plaintiffs to answer within 30 days or the complaint would be dismissed. On the 30th day a protective order on grounds therein stated was sought with Higdon filing his answers, and an extension asked for Clary. Subsequently, the defendant moved for sanctions and dismissal of the complaint as to Clary, and the trial court entered an order dismissing Clary's complaint. Clary appealed to this court.

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Section 54 (b) of the Civil Practice Act (Ga. L. 1966, pp. 609, 658; Code Ann. § 81A-154 (b)). In the absence of such determination, the decision made is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. The order dismissing Clary's complaint contained no express determination that there was no just reason for delay, and there was no express direction for the entry of such judgment. Accordingly, in the absence of a proper certificate from the trial judge, this direct appeal from the order dismissing Clary's claim is premature. See *Butler Auction Co. v. Hosch,* 119 Ga. App. 562 (167 SE2d 684); *Campbell v. George,* 129 Ga. App. 644 (200 SE2d 503); *Grizzard v. Davis,* 131 Ga. App. 577 (206 SE2d 853); *Walker v. Robinson,* 232 Ga. 361 (207 SE2d 6). Further, even if there had been a certificate for review there had been no compliance with Section 1 of the Act of 1975 (Ga. L. 1975, pp. 757, 758; Code Ann. § 6-701 (a) 2) requiring a petition to the appellate court for allowance of the appeal. In the absence of such petition, and the allowance of the appeal, in accordance with that Act, the appeal is

premature. For these reasons, the appeal must be dismissed.

*Appeal dismissed. Marshall and McMurray, JJ., concur.*

SUBMITTED SEPTEMBER 8, 1976 — DECIDED OCTOBER 5, 1976.

*Paul S. Weiner,* for appellant.
*Dunaway, Haas & Broome, Al Bridges,* for appellee.