## 53104. DAVIS v. TRANSAIRCO, INC. et al.
## 53105. CORRECT MANUFACTURING CORPORATION v. DAVIS et al.

McMurray, Judge.

This wrongful death action was brought to recover the full value of the life of plaintiff's husband, who was killed when a platform boom on which he was working fell to the ground. The first count against four defendants, including Correct Manufacturing Corp., alleges that the death of plaintiff's husband was proximately caused by the joint and concurrent negligence of the defendants in the design, manufacture, testing, offering for sale and use of the platform boom. The second count against Correct and one other defendant alleges that the defendants as manufacturers of the boom are strictly liable to plaintiff for the defect causing the death of plaintiff's husband. Correct is alleged to be a nonresident Ohio corporation subject to jurisdiction and venue in this state and county under Code Ann. § 24-113.1 (Ga. L. 1966, p. 343; 1970, pp. 443, 444).

Correct moved to dismiss the complaint against it for lack of personal jurisdiction and also for improper venue under Code Ann. § 24-113.1, supra. By order dated July 13, 1976, the trial court sustained Correct's motion to dismiss for lack of proper venue (Correct's second ground in its motion to dismiss). On July 19, 1976, the trial court enlarged and amended the order of July 13, 1976 by overruling Correct's motion to dismiss for lack of jurisdiction (Correct's first ground in its motion to dismiss) and certifying the orders of July 13 and July 19, for interlocutory appeal. On August 3, 1976, this court denied the application filed for interlocutory appeal. Subsequently, plaintiff appealed from the order of July 13, 1976, and Correct cross appealed from the order of July 19, 1976. *Held:*

1. The application for interlocutory appeal having been denied, the tack is taken that the orders in question were final judgments and thus subject to review under Code Ann. § 6-701 (a) (1) (Ga. L. 1965, p. 18, as amended).

The decisive determinate of finality is Code Ann. § 81A-154 (b) (Ga. L. 1966, pp. 609, 658). See *Cook v.*

*Peeples,* 227 Ga. 473 (181 SE2d 375).

Here, without regard to whether or not the claims against Correct were dismissed, the trial court has not adjudicated all the claims or all the rights and liabilities of all the parties. Nor has the trial court made an express determination and direction required by Code Ann. § 81A-154 (b) as a condition of finality.

These orders were not final judgments, but were "subject to revision . . . before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Code Ann. § 81A-154 (b), supra. Both orders being subject to revision, these appeals are premature. *Cook v. Peeples,* supra; *Walker v. Robinson,* 232 Ga. 361 (207 SE2d 6); *Mulligan v. Scott,* 134 Ga. App. 815 (217 SE2d 307); *Clary v. Brown,* 139 Ga. App. 799, 800 (229 SE2d 680) and cits.

2. Counsel for appellant in Case No. 53105 argues that the trial court having considered evidence in its ruling of July 13, 1976 (amended on July 19, 1976), dismissing Correct Manufacturing Corp. for lack of proper venue, this became a summary judgment. The order clearly states it is based on argument and not evidence. Nor was any notice of or other nomenclature contained therein to make it a summary judgment. The court enlarged and amended the order of July 13, 1976, dismissing this defendant, by further order of July 19, 1976, overruling the jurisdictional ground of the motion. These orders are tantamount to saying Georgia has jurisdiction of the nonresident Ohio corporation for doing business under the so-called long arm statute in Georgia but venue does not lie in this county. Note that the Georgia long arm statute involves both jurisdiction and venue of nonresidents. See Code Ann. § 24-116 (Ga. L. 1966, pp. 343, 344; 1968, p. 1419; 1970, pp. 443, 445); also *Ford Motor Co. v. Carter,* 141 Ga. App. 371.

*Appeals dismissed. Bell, C. J., and Smith, J., concur.*

ARGUED JANUARY 17, 1977 — DECIDED
MARCH 9, 1977.

*Burt, Burt & Rentz, H. P. Burt,* for Davis.

*J. W. Walters, J. V. Davis, Cecil A. Query,* for Trans-airco, Inc. et al.

*Watson, Spence, Lowe & Chambless, Frank H. Lowe, Jr., Mark A. Gonnerman,* for Correct Manufacturing Corp.