54136. DAVIS v. CORRECT MANUFACTURING CORPORATION et al.
54218. CORRECT MANUFACTURING CORPORATION v. DAVIS et al.

McMURRAY, Judge.

This is a wrongful death action involving products liability against alleged nonresident manufacturers served by the long arm statute.

Following the return of the remittitur in *Davis v. Transairco, Inc.,* 141 Ga. App. 544 (234 SE2d 134), the lower court again overruled defendant Correct Manufacturing Corp.'s motion to dismiss for lack of jurisdiction over the person of defendant but sustained defendant's motion to dismiss for lack of proper venue, making an express determination that there is no just reason for delay and directing an entry of judgment pursuant to § 54 (b) of the CPA (Code Ann. § 81A-154 (b); Ga. L. 1966, pp. 609, 658; 1976, pp. 1047, 1049). For a complete statement of facts see *Davis v. Transairco, Inc.,* 141 Ga. App. 544, supra.

Plaintiff Davis appeals in case No. 54136, and defendant Correct Manufacturing Corp. cross appeals in case No. 54218. *Held:*

1. While defendant seeks to argue that the evidence (in seeking to have the matter considered on its merits) shows it was not the manufacturer of the product alleged to cause the death of plaintiff's husband, the corporate history of the defendant, Transairco, Inc., and other corporate and business entities is such that one cannot ascertain with certainty the status of the actual manufacturer of the platform boom here involved due to various corporate and business mergers. However, we do not have for consideration a ruling on summary judgment but rulings on motions to dismiss. Hence we do not pass on the merits at this time. But see in this connection *Atlantic & B. R. Co. v. Johnson,* 127 Ga. 392 (2) (56 SE 482); *Atlanta B. & A. R. Co. v. Atlantic C. L. R. Co.,* 138 Ga. 353 (2) (75 SE 468).

Under the authority of such cases as *Coe & Payne Co. v. Wood-Mosaic Corp.,* 230 Ga. 58 (195 SE2d 399) and *Shellenberger v. Tanner,* 138 Ga. App. 399, 412-414 (227 SE2d 266), the lower court did not err in denying the defendant's motions to dismiss for lack of jurisdiction over the person in this tort action.

2. The court having properly held that there was personal jurisdiction of the nonresident manufacturer by reason of the long arm statute and venue having been properly established as to one of the joint tortfeasors (defendant J. L. Malone & Associates, Inc., a Georgia corporation with an office and place of doing business in Dougherty County, Georgia), the court erred in sustaining defendant's motion to dismiss for lack of proper venue. The provisions of the Constitution (Constitution of 1945; Code Ann. § 2-4904; now Constitution of 1976; Code Ann. § 2-4304) providing for joint action against joint tortfeasors in the county of the residence of either, fully authorizes venue in Dougherty County for the present. See *Benton Rapid Express, Inc. v. Johnson,* 202 Ga. 597, 598 (43 SE2d 667). Compare *Ford Motor Co. v. Carter,* 141 Ga. App. 371, 372 (1) (233 SE2d 444).

*Judgment reversed in case No. 54136; affirmed in case No. 54218. Bell, C. J., and Smith, J., concur.*

ARGUED JUNE 27, 1977 — DECIDED SEPTEMBER 7, 1977 —

*Burt, Burt & Rentz, H. P. Burt,* for Davis.

*Watson, Spence, Lowe & Chambless, Frank H. Lowe, Jr.,* for Correct Manufacturing Corp.

ON MOTION FOR REHEARING.

Attention is called to the fact that on September 7, 1977, the judgment in *Ford Motor Co. v. Carter,* 141 Ga. App. 371, 373 (2) (233 SE2d 444), was overruled by the Supreme Court of Georgia in *Ford Motor Co. v. Carter,* 239 Ga. 657 so as to establish that wrongful death tort cases (Code § 105-1301) may not be based on statutory products liability (Code Ann. § 105-106; Ga. L. 1968, pp. 1166, 1167). Such issues were not presented in the appeal here. The Supreme Court's decision in that case related only to Division 2 of *Ford Motor Co. v. Carter,* 141 Ga. 371, 373-374 (2), supra, and did not affect the first division which was cited in the second division of the opinion in this case.

*Motion for rehearing denied.*