A98A2448. STEPHENS v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
(513 SE2d 508)

JOHNSON, Chief Judge.

Lisa Kay Stephens was involved in an automobile accident. She filed an action in the State Court of Rockdale County against the

---

driver of the van, Carol Carver Hudson, and the church that owned the van and employed Hudson. The van was insured by State Farm Mutual Automobile Insurance Company under a policy with a $50,000 liability limit.

Following a nonjury trial in Rockdale County, the trial court entered an order dismissing Hudson based on charitable immunity. In a somewhat confusing order, the trial court found for Stephens against the church, but recognized and declared applicable the charitable immunity doctrine as to the church. The trial court correctly held that the church waived charitable immunity to the extent of any applicable liability coverage. Therefore, in its judgment, the trial court awarded Stephens "the lesser of $425,000 or the amount of liability insurance benefits applicable." The trial court specifically noted in the judgment that "[t]his Court makes no finding and expresses no opinion as to the existence or availability of liability insurance coverage, or the amount thereof." Stephens subsequently received the $50,000 policy liability limit.

In this DeKalb County action, Stephens attempts to collect an additional amount from the church, alleging that the van was insured as an additional vehicle under a separate policy issued to the church with liability limits of $500,000. She alternatively alleges that if the van was not included under this separate policy as an additional vehicle, it was only due to the negligence of State Farm's agent in causing the van to be listed on the wrong insurance policy. The trial court granted State Farm's motion for summary judgment, and Stephens appeals. We affirm.

1. It is axiomatic that a grant of summary judgment must be affirmed if it is right for any reason. See *Coffey v. Brooks County*, 231 Ga. App. 886, 891-892 (2) (d) (500 SE2d 341) (1998). In the present case, the trial court granted summary judgment based on the alternative grounds that the underlying Rockdale County State Court judgment was conditional, that the instant action was barred by collateral estoppel, and that there was no privity of contract between Stephens and State Farm. We need look no further than the underlying Rockdale County judgment to determine that this is a conditional judgment and that the trial court correctly granted State Farm's motion for summary judgment in the DeKalb County action.

Georgia law requires that every judgment must be certain and definite as to its amount. *Hutcheson v. Hutcheson*, 197 Ga. 603, 604 (30 SE2d 107) (1944). In *Hutcheson*, the Supreme Court found that a judgment in an amount not to exceed an allotment made or in an amount to which the husband was entitled was "incomplete, ineffective, and may be termed an inchoate judgment." Id.

In the present case, as in *Hutcheson*, the Rockdale County trial court entered a judgment for "the lesser of $425,000 or the amount of

liability insurance benefits applicable." However, the trial court specifically stated that it was not making any finding as to the existence or availability of liability insurance coverage. Without such a finding, there is no way for the clerk of the court to enter judgment for the prevailing party "to the extent of available liability insurance if any applicable to the incident giving rise to the litigation." Such a judgment is incomplete and ineffective.

Despite the fact that the existence and amount of liability insurance available is an essential issue of a charitable immunity case (*Morehouse College v. Russell*, 219 Ga. 717 (135 SE2d 432) (1964)), the Rockdale County trial court mistakenly concluded that it could not determine the existence or availability of liability insurance. In fact, the trial court expressly refused to rule on issues concerning the availability of liability insurance coverage for fear that an insurance policy covering this accident might be discovered after its ruling. However, it was the duty of the Rockdale County court to have an evidentiary hearing and make a determination regarding the existence and amount of liability insurance which applies. It is Stephens' burden to prove the existence and amount of liability insurance coverage possessed by the church or by Hudson. See *Cutts v. Fulton-DeKalb Hosp. Auth.*, 192 Ga. App. 517, 518 (1) (385 SE2d 436) (1989). Any calculation of the amount of judgment necessitates resolution of the issues which the Rockdale County court refused to determine. Since no such decision has been made, the Rockdale County judgment is not final. *Davis v. Transairco*, 141 Ga. App. 544, 545 (1) (234 SE2d 134) (1977). The action in DeKalb County is, at best, premature, and the trial court properly granted State Farm's motion for summary judgment.

2. Based on our holding in Division 1, Stephens' remaining enumerations of error are rendered moot.

*Judgment affirmed. Smith and Barnes, JJ., concur.*

DECIDED MARCH 3, 1999.

*Hughes & Kaplan, Robert W. Hughes, Jr.*, for appellant.
*Harper, Waldon & Craig, Thomas D. Harper*, for appellee.