A99A2286. STEPHENS v. CONYERS APOSTOLIC CHURCH.

(532 SE2d 728)

MILLER, Judge.

Plaintiff-appellant Lisa Stephens brought this tort action against Carol Hudson and Hudson's employer, defendant-appellee Conyers Apostolic Church d/b/a Conyers Apostolic Christian Academy, seeking to recover for personal injuries Stephens sustained when a van driven by Hudson collided with Stephens' vehicle. After a bench trial, the State Court of Rockdale County granted Hudson's motion for involuntary nonsuit and dismissed the case against her with prejudice while finding for Stephens in the amount of $425,000. In its original judgment entered May 8, 1996, the trial court concluded that the Church was entitled to charitable immunity, except to the extent the Church had waived its immunity due to the existence of automobile liability insurance coverage. But the trial court expressly declined to determine the extent of available liability insurance coverage, if any. In a previous appeal, this Court remanded the case for the trial court "to have an evidentiary hearing and make a determination regarding the existence and amount of liability insurance which applies."[1]

The 1994 van involved was the described vehicle in the Hudsons' own personal State Farm policy, with coverage limited to $50,000 per person. The Church contended this personal policy was the only applicable insurance waiving its charitable immunity, whereas plaintiff contended the vehicle involved should have been covered by the Church's separate State Farm policy, with coverage limits of $500,000. From the judgment ruling that the Hudson policy with the lower limits of coverage applies, plaintiff appeals. In three enumerations, she complains the trial court erred in holding: (1) that Hudson failed to properly notify State Farm to add the vehicle to the Church's policy; (2) that Reverend Jesse Hudson, the pastor of the defendant Church and Hudson's husband, was authorized to instruct the State Farm agent to insure the vehicle under the Hudsons' personal policy; and (3) that the Church's policy did not cover the vehicle involved.

1. Ordinarily, "[w]here the liability of a party is premised solely upon his vicarious liability for the tortious actions of an agent and

---

[1] *Stephens v. State Farm &c. Ins. Co.*, 236 Ga. App. 758, 760 (1) (513 SE2d 508) (1999).

judgment is entered for the agent, the party alleged to be vicariously liable is also entitled to judgment."[2]

Although the grant of Hudson's motion for involuntary nonsuit under OCGA § 9-11-41 (b) is a statutory adjudication on the merits within the meaning of *Hedquist v. Merrill Lynch &c.*,[3] this is not conclusive of the Church's nonliability under respondeat superior. The basis for that dismissal was Hudson's purported charitable immunity under OCGA § 51-1-20 (a).[4]

> Immunities, unlike privileges, are not delegable and are available as a defense only to persons who have them. . . . [Where] the agent acts in the scope of employment, the fact that the agent has an immunity from liability does not bar a civil action against the principal.[5]

Thus, private employers can be liable for the negligent acts of their employees, despite the employees' immunity from liability.[6] And because the Church has not cross-appealed the judgment that it waived its own charitable immunity up to the $50,000 (deposited into the registry of the court), that determination is res judicata.[7]

2. In all nonjury trials, factual findings "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."[8] Thus, even if the evidence would authorize a judgment in favor of the appellant, where the facts as found by the trial court are authorized by the evidence, such findings will not be set aside.[9]

Viewed in the light most favorable to the state court's judgment, the evidence authorized the following facts:

Reverend Hudson was responsible for securing insurance both for his personal vehicle as well as for the Church. Since 1993, a 1987 van owned by the Church was insured under a State Farm policy where the Church was the named insured, whereas Jesse and Carol Hudson were the named insureds under a separate State Farm pol-

---

[2] *Kornegay v. Mundy*, 190 Ga. App. 433, 435 (2) (379 SE2d 14) (1989).

[3] 272 Ga. 209 (528 SE2d 508) (2000).

[4] OCGA § 51-1-20 (a) provides immunity from civil liability to a member, director, trustee or officer acting (with or without compensation) in the service of a nonprofit, charitable or eleemosynary institution for any act or omission arising out of service to that charitable organization if such person was acting in good faith within the scope of her official duties, unless the damage or injury was caused by wilful or wanton misconduct. Plaintiff's counsel conceded that Hudson's motion for dismissal on this ground was correct.

[5] Restatement 2d (1958), Agency, § 217 (b) (ii), comment (b).

[6] *Gilbert v. Richardson*, 264 Ga. 744, 754 (7) (452 SE2d 476) (1994).

[7] See *Hooper v. Harris*, 236 Ga. App. 651, 652 (1) (512 SE2d 312) (1999).

[8] OCGA § 9-11-52 (a).

[9] *Cooper v. Rosser*, 232 Ga. 597 (1) (207 SE2d 513) (1974).

icy. On September 26, 1994, the Church board of directors authorized Reverend Hudson to negotiate the purchase of a 1994 van, to be titled in the name of the Church. The 1994 van was to replace the Hudsons' personal vehicle, a 1989 or 1990 van, which they traded to the dealer. Reverend Hudson specifically told their insurance agent that the 1994 van was a replacement for the 1990 van. In compliance with Reverend Hudson's wishes, the agent insured this replacement vehicle under their personal insurance policy. Although the 1994 van was titled in the name of the Church, this was still a proper coverage because State Farm will issue liability insurance to anyone with an insurable interest. In the opinion of the insurance agent, the premium to cover this vehicle under the Church's policy would have been less than under the Hudsons' personal use policy because of the insurer's expectation that its exposure and loss would be less. The distinct policy issued to the Church never listed the 1994 van as an insured vehicle. The collision occurred October 25, 1994.

(a) The evidence is conflicting whether Hudson informed the insurance agent that the Church was getting a replacement vehicle or whether a salesman called from the dealership to inform the agent that the Hudsons were replacing their vehicle, giving him the vehicle identification number to the 1990 van. The trial judge as the trier of fact was entitled to credit the testimony of the agent on this point, which is confirmed by Reverend Hudson. The factual finding that Hudson did not properly or timely notify the agent to change the Church's insurance to extend coverage to the 1994 van is supported by evidence; is not, therefore, clearly erroneous; and will not be disturbed on appeal.[10]

(b) No legal or equitable interest in the insured vehicle as property is necessary to support an insurable interest regarding liability insurance.[11] As the Church agent with primary custody of the vehicle, Reverend Hudson had a sufficient insurable interest in the vehicle through his potential legal liability to authorize his decision to insure the vehicle under his personal liability policy, notwithstanding his lack of ownership.[12] The second enumeration is without merit.

(c) The third enumeration contends the trial court erred in failing to find coverage under the Church policy because the new van clearly fit within the contractual term of a "newly acquired vehicle." But in order for this policy provision to apply, the insurer must be notified within 30 days of delivery to the insured of the newly

---

[10] *Kingston Dev. Co. v. Kenerly*, 132 Ga. App. 346, 348-349 (1) (208 SE2d 118) (1974), applying *L. M. Wiley, Parish & Co. v. Kelsey*, 13 Ga. 223, hn. 1 (1853).

[11] *James v. Pa. Gen. Ins. Co.*, 167 Ga. App. 427, 430 (2) (306 SE2d 422) (1983).

[12] See *Auto-Owners Ins. Co. v. Smith*, 178 Ga. App. 420, 421 (343 SE2d 129) (1986). Accord *Watson v. Southern Ins. Co. &c.*, 185 Ga. App. 223, 224 (2) (363 SE2d 629) (1987).

acquired vehicle. The evidence is undisputed that the insurer did not know that the Church was the title holder of the 1994 van until this accident, which occurred almost two months after delivery. Consequently, the circumstances show the failure of one of the contractual criteria. The trial court correctly concluded the Church policy did not afford coverage of its own force.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED MARCH 27, 2000 — 

*Hughes & Kaplan, Robert W. Hughes, Jr.,* for appellant.
*Cooper & Associates, Craig C. Avery, Harper, Waldon & Craig, Thomas D. Harper,* for appellee.