# THE ATLANTA AND WEST POINT RAILROAD *vs.* WYLY.

1. While negligence, as a general rule, is a question for the jury, yet where the statute makes a certain act, having a material bearing on the case, imperative upon the agents of a railroad company, the court may instruct the jury that proper diligence required such act. Thus, in a suit for damages to a dray by a train, at a street-crossing in a city, the negligence of defendant's agents being in question, there was no error in charging that proper diligence re-quired the tolling of the locomotive bell in approaching a crossing.

2. In a suit against a railroad for injury to personal property in charge of plaintiff's agent, the rule of damages is this : If the injury occurred

wholly by the agent's fault, there could be no recovery ; if by the mixed fault of the agent and the company, there could be a recovery, but diminished in proportion to the agent's fault; if wholly by the fault or negligence of the company's agents, then there could be a recovery of full damages. Taken as a whole, this seems to be the effect of the judge's charge.

Railroads. Damages. Negligence. Charge of Court. Before MARSHALL J. CLARKE, Esq., Judge *pro hac vice.* Fulton Superior Court. September Term, 1879.

Wyly sued the railroad for damages done to his dray and mules by a train at a street-crossing in the city of Atlanta. The evidence was conflicting as to whether the drayman drove recklessly upon the track ahead of the approaching train or not, and whether the agents of the company were at fault in approaching the crossing at an unusual speed, and in not ringing the locomotive bell, or otherwise giving warning of the coming of the train. Among other things, the court charged as follows : "The law makes it the duty of a railroad company to have the bell of its locomotive tolled as it approaches a crossing in a city, and proper diligence includes such tolling of the bell."

The jury found for the plaintiff $227.50. Defendant moved for a new trial, which was refused, and defendant excepted. For the other facts see the decision.

N. J. HAMMOND, by COLLIER & COLLIER, for plaintiff in error

McCAY & ABBOTT, for defendant.

JACKSON, Justice.

Wyly sued the railroad company for damage to his dray and mules and recovered; the company moved for a new trial, which was refused, and it excepted. The usual grounds that the verdict is not sustained by evidence, and

The Atlanta and West Point Railroad *vs.* Wyly.

against law on that account, were abandoned before this court. A witness may testify to the speed at which the train is moving according to his judgment, giving the reasons for his opinion ; and it is for the jury to say how much weight such opinion is entitled to have. Therefore, a witness may give his opinion as to speed, based on the appearance, noise, etc., etc., of the train ; but this ground was abandoned also before us.

1. The court charged the jury that it is negligence not to toll bells on passing and moving trains through a city or town. Such is the law ; and whilst, as a general rule, questions of negligence are for the jury, yet where the statute makes the act imperative on the agents of the company, and the rigid enforcement of it is of so much consequence to society, the court may tell the jury the law, and that the omission to comply with it, if it was omitted, is negligence in the agent who neglects to do it. This statute—Supplement to Code, §311—is a substitute for the former one in regard to blowing the whistle, so far as towns and cities are concerned, and this court has decided that such neglect to blow is negligence.    24 *Ga.*, 75.

2. The other exceptions appear to us to amount to nothing in view of the entire charge. That seems to cover all the points, and to rule that if the accident occurred wholly by the drayman's fault there could be no recovery ; if by the mixed fault of the drayman and the company's agents, then there could be a recovery, but diminished in proportion to the drayman's fault ; if wholly by the fault or negligence of the company's agents, then there could be recovery of full damages. This we understand to be the law.

Judgment affirmed.