## 48815. ORKIN EXTERMINATING COMPANY, INC. v. GILLAND et al.

STOLZ, Judge. In the complaint as finally amended, Billy Gilland and his wife, Mrs. Hattie O. Gilland, sued Orkin Exterminating Co., Inc., in the Superior Court of Wilkes County, Georgia. The first paragraph of the complaint alleged that the defendant "is a Georgia corporation with an agent, office and place of business in Wilkes County, Georgia, and is subject to the jurisdiction of this Court." These allegations were denied by the defendant. In its defensive pleadings the defendant alleged, "For further plea and answer this defendant says that the Superior Court of Wilkes County does not have jurisdiction of this case but the Superior Court of Fulton County, Georgia does have jurisdiction." Thus, issues were raised as to the nature of the defendant's identity (i.e., corporation—foreign or domestic, nominal corporation, partnership, proprietorship, etc.) and the proper venue in which to try the plaintiffs' case.

The burden of proof was on the defendant to show that proper venue for plaintiffs' suit was in Fulton County, not in Wilkes County. The burden of proof was on the plaintiff to prove that the defendant was a Georgia Corporation, subject to the jurisdiction of the Superior Court of Wilkes County, and that venue was properly laid in that county.

A review of the record shows that both parties utterly failed to carry their respective burdens of proof. At most, the record shows that an organization called "Orkin Exterminating Company, Inc." operates and has a place in Washington, Wilkes County, Georgia where telephone messages are received. See *Orkin Exterminating Company v. Thornton,* 111 Ga. App. 636 (142 SE2d 422). Whether "Orkin Exterminating Company, Inc." is a Georgia corporation, a domesticated foreign corporation, an undomesticated foreign corporation, a partnership, or a proprietorship, is not found in the record. If it is a corporation, the location of its principal office and place of business is not shown, nor is the name and address of the corporation's agent for service of process. The defendant did not show that proper venue was in Fulton County. The plaintiffs did not prove their allegations of venue. Thus evolves on the appellate court the duty of attempting to determine the rights *of the parties* with an incomplete record.

In most cases, this court is not able to go beyond the record

transmitted to us by the trial court. Fortunately, in this case we have access to outside assistance. This court can, and in this case does, take judicial cognizance of the records that are required by law to be kept in the office of the Secretary of State of Georgia. *McGowans v. Speed Oil Co.,* 94 Ga. App. 35 (2) (93 SE2d 597) and cits. The records in the office of the Secretary of State reveal that "Orkin Exterminating Company, Inc." is a Delaware corporation organized on January 10, 1964. This corporation was domesticated in Georgia on November 29, 1968, with its registered office and agent for service of process being located in Fulton County, Georgia.

The plaintiff sounded its case in tort, alleging "that the agents, servants, and employees of the defendant failed to properly treat the plaintiff's house, and that as a result of the carelessness and negligence of the said agents, servants and employees of the defendant, the plaintiff's house was damaged by termites and post beetles in the sum of $2,000." There was evidence before the court of a contract between the parties. In the trial court and in this court, the plaintiffs have insisted that the action is ex delicto. For the purposes of this decision we shall assume it to be so.

"All other civil cases shall be tried in the county where the defendant resides." Art. VI, Sec. XIV, Par. VI, Ga. Constitution of 1945 (Code Ann. § 2-4906). This section applies to corporations as well as individuals. *Benton Rapid Express v. Johnson,* 202 Ga. 597 (43 SE2d 667) and cits., is applicable to tort actions.

"A foreign corporation which shall have received a certificate of authority under this Code [Chapters 22-1 through 22-20] shall, until a certificate of revocation or of withdrawal shall have been issued as provided in this Code, enjoy the same, but no greater, rights and privileges as a domestic corporation organized for the purposes set forth in the application pursuant to which such certificate of authority is issued; and, except as in this Code otherwise provided, shall be subject to the same duties, restrictions, penalties and liabilities now or hereafter imposed upon a domestic corporation of like character." Code Ann. § 22-1402 (Ga. L. 1968, pp. 565, 709). "For the purpose of determining venue each domestic corporation and each foreign corporation authorized to transact business in this State shall be deemed to reside in the county where its registered office is maintained. If any such corporation fails to maintain a registered office it shall be deemed to reside in the county in this State where its last-named registered office or principal office,

as shown by the records of the Secretary of State, was maintained. The residence established by this subsection shall be in addition to, and not in limitation of, any other residences that any domestic or foreign corporation may have by reason of other laws." Code Ann. § 22-404 (b) (Ga. L. 1968, pp. 565, 584). "Any corporation chartered by authority of this State may be sued on contracts in that county in which the contract sought to be enforced was made or is to be performed, if it has an office and transacts business there. Suits for damages, because of torts, wrong or injury done, may be brought in the county where the cause of action originated. Service of such suits may be effected by leaving a copy of the writ with the agent of the defendant, or if there be no agent in the county, then at the agency or place of business." Code Ann. § 22-5301 (Ga. L. 1968, pp. 565, 820). *Radcliffe v. Boyd Motor Lines,* 129 Ga. App. 725 (201 SE2d 4). Here it should be noted that present Code Ann. § 22-5301 is substantially the same as former Code Ann. § 22-1102 (Ga. L. 1884-5, p. 99). For the purpose of construing this section, we hold that the words, "Any corporation chartered by authority of this State," that appear in Code Ann. § 22-5301, supra, are inclusive and apply to foreign corporations having a certificate of authority under the "Georgia Business Corporation Code" (Ga. L. 1968, p. 565 et seq.).

Thus, the present "ex delicto" action may be maintained in either of two jurisdictions: (a) the county of the defendant's residence pursuant to the State Constitution or (b) the county where the cause of action originated pursuant to the statute, provided that the corporation has in such county an agent, or if there be none, then an agency or place of business. *Stinnett v. Ellis,* 121 Ga. App. 279 (173 SE2d 454) and cit.

The evidence shows that the claimed tort occurred in Taliaferro County. The records of the Secretary of State (of which we have taken judicial notice) show that the defendant's office of registry is in Fulton County. There is nothing in the record to indicate proper venue for plaintiffs' ex delicto action in Wilkes County.

Accordingly, the defendant's motion for directed verdict based on improper venue should have been sustained.

Other enumerations of error are not passed upon.

*Judgment reversed. Hall, P. J., and Deen, J., concur.*

Argued January 15, 1974 — Decided January 24, 1974 — Rehearing denied February 6, 1974.

*Lawson E. Thompson,* for appellant.
*Walton Hardin,* for appellees.