50049. TECUMSEH PRODUCTS COMPANY v. SEARS, ROEBUCK & COMPANY et al.

MARSHALL, Judge.

The question presented by this appeal is whether the State Court of Glynn County, Georgia, has personal jurisdiction over Tecumseh Products Company, a registered foreign corporation which was made a third-party defendant via complaint by the original defen-

dant.

In April, 1971, Abercrombie was injured at his home in Jekyll Island, Georgia, Glynn County, while operating a riding lawn mower which he had purchased from Sears. In October, 1971, he filed a suit for damages in Glynn County naming Sears as defendant. Over two years passed when, in May, 1974, Sears filed a third-party complaint against Tecumseh Products, the manufacturer of the engine of the lawn mower, alleging that plaintiff's injuries were caused by negligence of Tecumseh in delivering an engine not reasonably fit for the use intended, and praying that if plaintiff recovers against Sears, then Sears have judgment against Tecumseh. Service of process was made by delivering a copy of the third-party complaint and summons to the C. T. Corporation in Atlanta, Fulton County, Georgia. A certificate from the Secretary of State shows Tecumseh is a Michigan corporation qualified to do business in Georgia as a foreign corporation since 1968, with its registered agent and office being the C. T. Corporation in Fulton County. Tecumseh filed various motions in Glynn County, denying jurisdiction, alleging improper venue, and bar by statute of limitation and laches. The overruling of these motions was certified for review. *Held:*

We find that the State Court of Glynn County lacks personal jurisdiction over Tecumseh. It is unnecessary to review the denial of other motions raised by Tecumseh.

Sears, in its third-party complaint, alleged jurisdiction over Tecumseh under Georgia's Long Arm Statute (Ga. L. 1966, p. 343; 1970, pp. 443, 444; (Code Ann. § 24-113.1 (c)) whereunder personal jurisdiction may be exercised over a nonresident when he "[c]ommits a tortious injury in this State caused by an act or omission outside this State, if the tortfeasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this State."

It is clear that Tecumseh is not a "nonresident" as defined under the Long Arm Statute (Ga. L. 1968, pp. 1419, 1420; (Code Ann. § 24-117), because it was . . . "authorized to do or transact business in this State at the time a claim or cause of action under section 24-113.1

[arose]."

Is there any other authority upon which to base jurisdiction over Tecumseh? Sears cites Ga. L. 1968, pp. 565, 820 (Code Ann. § 22-5301) as authority for jurisdiction over Tecumseh. It provides: "Any corporation chartered by authority of this State may be sued on contracts in that county in which the contract sought to be enforced was made or is to be performed, if it has an office and transacts business there. Suits for damages, because of torts, wrong or injury done, may be brought in the county where the cause of action originated. Service of such suits may be effected by leaving a copy of the writ with the agent of the defendant, or if there be no agent in the county, then at the agency or place of business." However, that statute is a *venue* statute and does not confer personal jurisdiction over a defendant to the Glynn County court, even though that is the county where the contract was made or where the tort originated, unless the defendant has an agency or place of business there. *Tuggle v. Enterprise Lumber Co.,* 123 Ga. 480 (51 SE 433); *Orkin Exterminating Co. v. Gilland,* 130 Ga. App. 788, 790 (204 SE2d 469); *Stinnett v. Ellis,* 121 Ga. App. 279 (173 SE2d 454). " 'A foreign corporation with agents in this State upon whom service can be perfected can not be subjected to suit in a county in which there is no such agent.' [Cits.]" *Modern Homes Const. Co. v. Mack,* 218 Ga. 795, 796-7 (130 SE2d 725); *Gray v. Georgia Loan &c. Co.,* 166 Ga. 445 (143 SE 501). "A foreign corporation doing business in this State may, for the purpose of a suit against it, be treated as a resident of this State and of any county in which it has an agent upon whom service can be perfected. *City Fire Ins. Co. of Hartford v. Carrugi,* 41 Ga. 660; *Williams v. East Tennessee, Va. & Ga. R. Co.,* 90 Ga. 519 (16 SE 303)." *Borden v. I. B. C. Corp.,* 220 Ga. 688, 690 (3) (141 SE2d 449). The record does not show that Tecumseh has an agent or place of business in Glynn County upon which service could be made. Its only agent is in Fulton County.

Furthermore Code Ann. § 22-5301 appears to apply only to domestic corporations which Tecumseh is not shown to be.

Nor may jurisdiction be based on the notion that a

third-party action is an ancillary proceeding which does not require independent jurisdiction. That contention was rejected in *Register v. Stone's Independent Oil Dist.,* 227 Ga. 123 (179 SE2d 68), which we are constrained to follow, and which stated at p. 126: "Even though the action to recover such contribution is a third-party complaint, it has the nature of an independent suit, which can be maintained only in the county of the residence of the alleged joint tortfeasor." While that case dealt with venue, it is apparent that the Supreme Court used the words "jurisdiction" and "venue" interchangeably.[1] See 8 Ga.B.J.428,Fn. 4,(1972). As a result, jurisdiction over the third-party defendant, Tecumseh, cannot be predicated on the court's jurisdiction over the defendant of the main action. See also *Shell v. Watts,* 229 Ga. 474 (192 SE2d 265); *Southern Guaranty Ins. Co. v. Johnson,* 126 Ga. App. 134 (190 SE2d 136); *Taylor v. Malden Trust Co.,* 125 Ga. App. 262 (187 SE2d 307).

*Judgment reversed. Bell, C. J., and Webb, J., concur.*

ARGUED JANUARY 6, 1975 — DECIDED FEBRUARY 24, 1975.

*Falligant, Doremus, Karsman, Kent & Toporek, Martin Kent, Fendig, Dickey, Fendig & Whelchel, J.*

---

[1]See Judge Hall's special concurrence in *Stanford v. Davidson,* 105 Ga. App. 742, 743 (125 SE2d 720), pointing out the distinction between "jurisdiction" and "venue." It is interesting to note that while the State Court of Glynn County has no "jurisdiction" over Tecumseh, there would have been proper "venue" if Tecumseh was a domestic corporation under Code Ann. § 22-5301; i.e. the *place* where the case is to be tried would have been proper under Code Ann. § 22-5301. That Code section is constitutional *(Martin & Thompson, Inc. v. Allen,* 188 Ga. 42 (2 SE2d 668)), and permits venue in the county "where the cause of action arose" or where "the contract . . . is to be performed," *in addition to* the venue provided by the Constitution of Georgia (Code Ann. § 2-4906) in the county "where the defendant resides."

*Thomas Whelchel,* for appellant.
*Bennet, Gilbert, Gilbert, Whittle, Harrell & Gayner, John M. Gayner, III,* for appellees.