### 53067. FORD MOTOR COMPANY v. CARTER.

MCMURRAY, Judge.

This case involves wrongful death. Plaintiff's husband's demise was occasioned by reason of the operation of a motor vehicle manufactured by Ford Motor Co. The action is brought against the driver, Earl Hulett, and Ford Motor Co., and allegedly his death is due to the gross negligence of the driver in the operation of the vehicle, and, as alleged, the motor vehicle was negligently designed, manufactured and assembled by Ford Motor Co.

As a part of the petition as amended plaintiff sought damages for the contended wrongful death of her husband by reason of strict liability against the manufacturer under Code Ann. § 105-106 (Ga. L. 1968, pp. 1166, 1167) in that the vehicle, sold as new property by the manufacturer, was not merchantable and reasonably suited for the use intended by reason of a defect existing in the vehicle which proximately caused the death of the

deceased.

In due course the defendant manufacturer moved to dismiss the complaint against it because the court lacked personal jurisdiction over it, there was improper venue, and it also filed a motion to strike certain paragraphs contending the basis for the strict liability doctrine as developed and predicated upon Code Ann. § 105-106, supra, has no application to wrongful death actions. Both motions were denied.

A certificate of immediate review was granted, and the defendant appeals. *Held:*

1. Our first reason for granting an interlocutory appeal was because of the possible erroneous jurisdiction and venue as to this action as to a foreign corporation registered and doing business in the State of Georgia. Ordinarily, such foreign corporation would be subject to suit in a county in which it has agents upon whom service can be perfected. See *Modern Homes Const. Co. v. Mack,* 218 Ga. 795, 796 (130 SE2d 725); *Tecumseh Products Co. v. Sears, Roebuck & Co.,* 134 Ga. App. 102, 104 (213 SE2d 522). But upon further study of this issue it does not appear how this defendant was served, although the petition alleges service should be accomplished upon its registered agent in another county. This defendant is subject to suit as an alleged joint tortfeasor with another defendant. Whether there be separate or independent acts of negligence, as it produced a single indivisible injury such as death, the joint tortfeasors may be jointly and severally liable for the full amount of the plaintiff's damages (full value of the life of the deceased), notwithstanding the possible absence of voluntary, intentional concert of action among them in a joint action. See *Gooch v. Ga. Marble Co.,* 151 Ga. 462 (107 SE 47); *Hopkins v. City of Atlanta,* 172 Ga. 254 (157 SE 473); *Southeastern Truck Lines, Inc. v. Rann,* 214 Ga. 813 (108 SE2d 561); *Gilson v. Mitchell,* 131 Ga. App. 321, 326 (205 SE2d 421). Consequently, even though Ford Motor Co. is a registered and qualified corporation to do business within the State of Georgia and maintains facilities within this state, it does not necessarily maintain an office or facility within Camden County, Georgia, and would not have an agent for service in Camden County. But as an alleged

joint tortfeasor the court has jurisdiction of the subject matter and the person in this instance, if properly served. See *Tuggle v. Enterprise Lumber Co.,* 123 Ga. 480 (51 SE 433); *Stinnett v. Ellis,* 121 Ga. App. 279 (173 SE2d 454); *Orkin Exterminating Co. v. Gilland,* 130 Ga. App. 788 (204 SE2d 469). The record fails to disclose how it was served.

2. We are next concerned with the question of whether or not plaintiff may recover for wrongful death upon strict liability. The appellant argues that this was neither contemplated nor permitted under the Wrongful Death Act as codified under Code Ch. 105-13 (as amended by Ga. L. 1939, p. 233; 1960, pp. 968, 969).

Code § 105-1301 defines wrongful death (homicide) as including all cases of the death of a human being which results from a crime or from criminal negligence or other negligence. We thus have for decision the question of whether or not a wrongful death action is allowed under the amendment of Code Ann. § 105-106 by Ga. L. 1968, pp. 1166, 1167, and as clarified by later decisions of the Supreme Court, under products liability or strict liability as shown and defined therein simply because negligence need not be proven.

The statute therein reads that, "the manufacturer of any personal property sold as new property either directly or through a dealer or any other person, shall be liable in tort irrespective of privity to any natural person who may use, consume or reasonably be affected by the property and who suffers injury to his person or property because the property when sold by the manufacturer was not merchantable and reasonably suited to the use intended and its condition when sold is the proximate cause of the injury sustained." In *Center Chemical Co. v. Parzini,* 234 Ga. 868, 869 (2) (218 SE2d 580), the Supreme Court held that a claimant was not required to prove negligence under Code Ann. § 105-106, supra, even though the manufacturer is not an insurer. A claimant is required to prove the product is not merchantable and reasonably suited to the use intended and that its condition when sold was the proximate cause of the injuries sustained. In other words, there must be a defect in the defendant's product. But it is clear from that decision that no single

definition of defect has proved adequate to define the scope of the manufacturer's strict liability in tort for physical injuries. The court goes on to say that the plaintiff must show that the manufacturer's product when sold by the manufacturer was defective. It goes on to hold that if it is safe for normal handling and consumption the product is not in a defective condition nor must it be an unreasonably dangerous product. It is there stated that the question is whether the product was defective in its manufacture, its packaging or the failure to adequately warn of its dangerous propensities.

But even though strict liability in tort does not arise out of either common law negligence or breach of implied warranty, it is a tortious action based squarely on the tort concept of culpability or fault. See *Parzini v. Center Chemical Co.,* 136 Ga. App. 396, 397 (221 SE2d 475). The strict liability doctrine is not liability without fault because the manufacturer is not made the insurer of his products. See *Center Chemical Co. v. Parzini,* 234 Ga. 868, supra. The manufacturer is made liable for a new product that is defective when it leaves his hands and is the proximate cause of injury. Reasonable care in inspecting, designing and manufacturing a product is not a defense because the language creating the tortious misconduct is manufacturing a defective product, and this high burden of care is demanded to safeguard the life and person from injury as a matter of public policy. See *Ellis v. Rich's, Inc.,* 233 Ga. 573, 575 (212 SE2d 373).

Negligence is defined in Black's Law Dictionary, among others, as a "legal deficiency," "indifference to present legal duty," "utter forgetfulness of legal obligations." It defines negligence per se as "the violation of a public duty, enjoined by law for the protection of person or property." If the manufacturer's product is defective, it amounts to negligence per se or as a matter of law. As Judge Powell so aptly stated in *Platt v. Southern Photo Material Co.,* 4 Ga. App. 159 (2 a) (60 SE 1068), that if the lawmaking power in dealing with legal duty, goes into concrete specifications as to what shall or shall not be done, the court takes judicial cognizance that the precise duty exists, and a breach of same is negligence. At pp. 163-164, we find the following: "Every violation . . . of

omission or commission which, arising from man's state as a social being, having received recognition by the law of the land . . . is an act of negligence," and the "plaintiff who has established the fact that a defendant has been guilty of doing what he ought not to have done, or *of not doing what he ought to have done,* has something further to do . . . [prove] that he has directly and proximately suffered injury therefrom. . ." (Emphasis supplied.) See also *Atlanta & W. P. R. v. Wyly,* 65 Ga. 120 [121, reprint], *Central R. &c. Co. v. Smith,* 78 Ga. 694 (1) (3 SE 397); *Grant v. McKiernan,* 82 Ga. App. 82, 86 (60 SE2d 794).

Thus, the Supreme Court in defining the legal duty put upon manufacturers in *Parzini,* supra, has merely held that negligence in the manufacture need not be shown, but proof must be offered that the product was defective in itself amounting to negligence as a matter of law (in itself, that is, per se), or what this court has previously referred to as statutory negligence as opposed to nonstatutory negligence. See *Friend v. General Motors Corp.,* 118 Ga. App. 763 (165 SE2d 734) (involving implied warranty and negligence in manufacture) and *Ford Motor Co. v. Lee,* 137 Ga. App. 486 (5) (224 SE2d 168) (involving both implied warranty and products liability). It follows that an action for wrongful death may be maintained under the strict liability statute.

3. Code Ann. § 105-106, supra, provides that the manufacture of any personal property sold as new property shall be *liable in tort,* irrespective of privity, "to any natural person" who uses, consumes or is reasonably affected by a defective product. Counsel for defendant argues that the persons authorized here to sue do not fit the qualification of "any natural person." But the person who used the product (as alleged to his detriment — death) was a natural person, and this argument is meritless since Code Ann. Ch. 105-13, supra, authorized the suit by other persons where the deceased cannot bring the action due to his death. Compare *Cobb Heating &c. Co. v. Hertron Chemical Co.,* 139 Ga. App. 803 (229 SE2d 681) and see footnotes at p. 803.

*Judgment affirmed. Quillian, P. J., and Marshall, J., concur.*

ARGUED NOVEMBER 3, 1976 — DECIDED FEBRUARY 7, 1977 — REHEARING DENIED FEBRUARY 24, 1977 —

*Long, Weinberg, Ansley & Wheeler, Ben L. Weinberg, Jr., John H. Stanford, Jr., Fendig, Dickey, Fendig & Whelchel, Albert Fendig, Jr.,* for appellant.

*Hutto, Palmatary, Boshears & Magda, Jack Hutto, Michael Magda, Kopp, Peavy & Conner, J. Edwin Peavy, Frank M. Eldridge,* for appellee.