54841. ROBINSON et al. v. FRANWYLIE, INC.
54842. FRANWYLIE, INC. v. FEDERAL
INSURANCE COMPANY et al.

BANKE, Judge.

These companion cases involve appeals from grants of summary judgment to Federal Insurance Company, Pacific Indemnity Company, and Chubb & Son, Inc., and to Franwylie, Inc. The judgments in favor of Pacific and Chubb are not contested on appeal. The remaining parties on appeal are H. English Robinson, Jr., and Duncan Peek, Inc. In addition to a motion to strike and a response thereto on the companion appeal, the parties have collectively submitted 12 briefs to the court for its consideration.

Franwylie, Inc., a ladies' dress shop, asked H. English Robinson, Jr., an insurance agent with an Atlanta insurance agency, Duncan Peek, Inc., to procure insurance coverage for it as its current policies (obtained through another agency) expired. Franwylie hoped to continue the same coverage but at a lower premium. Robinson "renewed" one of Franwylie's policies through an underwriter, Chubb & Son, Inc. The new policy, which did have a lower premium, was issued by Federal Insurance Company. After a burglary at the store in which $50,000 worth in inventory was taken, Franwylie learned for the first time that the Federal policy contained no burglary coverage. Franwylie filed suit against English Robinson and Duncan Peek, Inc., alleging negligence and breach of fiduciary duty. Franwylie later

amended its complaint to join Federal Insurance Company as a party defendant alleging it was liable for the negligence of Robinson and Peek under the doctrine of respondeat superior.

On January 26, 1977, Federal moved for summary judgment claiming that there was no genuine issue of material fact between it and Franwylie and that it was entitled to summary judgment as a matter of law. On May 26, 1977, Franwylie moved for a partial summary judgment against Federal, Robinson, and Peek. It sought a determination that Robinson and Peek were not the agents of Federal. The trial judge granted both movants' motions for summary judgment. He found that the relationship between Duncan Peek, Inc. (and thus its agent English Robinson, Jr.) and Federal Insurance Company was that of an independent contractor and concluded as a matter of law that Franwylie could make no claim against Federal in this action. It is these two judgments which are now appealed.

1. Robinson and Peek argue that the partial summary judgment for Franwylie should be reversed because the trial judge was authorized, at most, to enter a CPA, Rule 56 (d) order rather than a final judgment. They further argue that any ruling under Rule 56 (d) was unauthorized since Franwylie was seeking a ruling on only one part of a claim. See *Mays v. C. & S. Nat. Bank,* 132 Ga. App. 602 (2) (208 SE2d 614) (1974) (comparing Rules 56 (d) and 16). See also *Doyal v. Ben O'Callaghan Co.,* 132 Ga. App. 336 (208 SE2d 136) (1974) (special concurrence); 6 Moore's Federal Practice (2d Ed.) 56-34, § 56.02 [5]. Reserving decision at this time on the merits of the trial judge's grant of summary judgment to Franwylie, we find that any procedural defect which may have occurred does not require reversal. Our reasons are hereinafter stated.

Code Ann. § 81A-156 (d) (CPA, Rule 56) states that "If on motion under this section judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall, if practicable, ascertain what material facts exist without substantial controversy

and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly."

Reading this section in conjunction with Rule 56 (a), what Rule 56 (d) provides is that when a party has applied for summary judgment on the entire case or on one claim when several claims for recovery are pled or on a counterclaim or cross claim, and the trial judge finds that summary judgment as to the entire case, claim, counterclaim, or cross claim is not appropriate, he is authorized to enter an interlocutory order establishing for trial those facts which are "without substantial controversy." See *Mays v. C. & S. Nat. Bank,* 132 Ga. App. 602 (2), supra; Biggins v. Oltmer Iron Works, 154 F2d 214 (7th Cir. 1946); Metal Coating Corp. v. Baker Mfg. Co., 227 FSupp. 529 (W. D. Wis. 1964). As Professor Moore, quoting from Yale Transport Corp. v. Yellow Truck Mfg. Co., 3 F. R. D. 440, 441 (S. D. N. Y. 1944), stated in his treatise: ". . . Rule 56(d) does not authorize the initiation of motions the sole object of which is to adjudicate issues of fact which are not dispositive of any claim or part thereof." 6 Moore's Federal Practice (2d Ed.) 56-1215, § 56.20 [3.-2] (hereinafter referred to as 6 Moore's). See also 6 Moore's 56-1227-1229, § 56.20 [3.-4]. As with a pre-trial order entered by the trial judge under CPA, Rule 16, the judge retains full power to reassess his order and "to make one complete adjudication on all aspects of the case when the proper time arrive[d]." 6 Moore's 56-1229, § 56.20 [3.-4]; *Mays v. C. & S. Nat. Bank,* supra.

In this case Franwylie was seeking recovery on one claim from two sources: Peek for the negligence of its agent Robinson and Federal for the negligence of its agent Peek. It was not until Franwylie realized that it might be barred from obtaining any recovery at all because of the law pertaining to undisclosed dual agency (i. e., alleging Peek to be both the agent of Federal and of Franwylie without Federal's prior consent) that it sought summary

judgment. Determination of Peek's status as an independent contractor or agent would resolve the issue of Federal's possible liability to Franwylie, but would not alone entitle Franwylie to a summary judgment on its claim.

When in a case involving multiple claims or *parties,* "the trial court fully adjudicates one or more but fewer than all the claims or *the rights and liabilities of fewer than all the parties,* it can make that [Rule 56 (d)] adjudication final by the 'express determination' and the 'express direction' called for by Rule 54 (b). Failing to do that the adjudication remains interlocutory." 6 Moore's 56-1204, § 56-.20 [1]. See also 6 Moore's 56-1212-1213, § 56.20 [3.-1]; 56-1221-1222, § 56.20[3.-2]; 56-1226-1227, § 56.20 [3.-3]; 56-1230, § 56.20 [3.-4] and cits.

In ruling on Federal's motion for summary judgment, the trial judge found that since Peek was an independent contractor, Federal as a matter of law could have no liability to Franwylie. He further concluded that: "Wherefore, on the foregoing Findings of Fact and Conclusion of Law, and there being *no just reason for delay* in entering this order, the court orders that defendants' Federal Insurance Company's (and others) motion for summary judgment is hereby sustained and enters judgment in favor of these defendants with costs assessed against the plaintiff." In making the express determination that "no just reason for delay" existed, the trial judge correctly converted his Rule 56 (d) interlocutory order into a Rule 54 (b) final judgment.

In making his ruling on Franwylie's motion for summary judgment, the trial judge limited his order to the precise question raised (the determination of Peek's status) but incorporated by reference the findings of fact and conclusions of law made in his ruling on Federal's motion. It would be unduly technical to find that he had not also incorporated the final paragraph which converted his order into a final judgment. For this reason, we find that there is no merit in the objections raised by Robinson and Peek on appeal as to the technical validity of the trial judge's grant of summary judgment to Franwylie.

2.   Robinson and Peek have, in addition to appealing the trial judge's grant of summary judgment to Franwylie, also filed a brief supporting Franwylie's appeal of summary judgment for Federal in the companion case. Federal has moved to strike Robinson and Peek's brief from the record on the ground that they lack standing to contest the judgment.

One joint tortfeasor is prohibited from appealing the grant of summary judgment to the second joint tortfeasor when that judgment has the effect of releasing the latter from the risk of liability on the plaintiff's claim. See *Southeastern Erection Co. v. Flagler Co.*, 108 Ga. App. 831 (134 SE2d 822) (1964); *Shaw v. Jones,* 129 Ga. App. 95 (198 SE2d 709) (1973); *Finnocchio v. Lunsford,* 129 Ga. App. 694 (1) (201 SE2d 1) (1973). The reasoning behind this rule is that until a verdict for plaintiff is rendered, no right of contribution exists between joint tortfeasors. Thus, no right of the unreleased defendant has been adversely affected. See *Southeastern Erection Co. v. Flagler Co.,* supra. Prior decisions of this court have suggested that the law stated above is not to be automatically applied when the relationship between the two co-defendants is that of vicarious liability of one for the other's alleged negligence. See generally the discussions in *Avis Rent A Car System v. Rice,* 132 Ga. App. 857 (2) (209 SE2d 270) (1974); *Travelers Indem. Co. v. Liberty Loan Corp.,* 140 Ga. App. 458 (3) (231 SE2d 399) (1976).

In this companion appeal Franwylie is appealing the grant of summary judgment to Federal when it had itself been granted an almost identical ruling against Federal, Robinson, and Peek. By its own admission, Franwylie's adversity to this ruling is not real, and the appeal was made only to enable all parties to be before the court. Its arguments in support of reversal are token, at best, and under these circumstances, the court will not deny Robinson and Peek an opportunity to argue the validity of the grant of summary judgment to Federal. Accordingly, Federal's motion to strike is denied. The court emphasizes that it should not be understood to have announced at this time a new rule of general applicability allowing all alleged agents to appeal the release of their principals by

summary judgment.

3. Duncan Peek, Inc., and Robinson did not seek an early ruling establishing their relationship with Federal Insurance Company. Nevertheless, they enumerate as error on appeal the trial judge's failure to grant summary judgment finding them to be the agent and subagent of Federal as a matter of law. See Code Ann. § 56-801b (1). This Code section provides that: " 'Agent' shall mean an *individual,* appointed or employed by an insurer who solicits insurance or procures applications therefor . . . The term 'agent' includes subagent." (Emphasis supplied.)

The authorities cited by Peek and Robinson in support of their argument are cases in which the alleged agent was either an individual or an individual acting as an unincorporated insurance agency. See for example *Kennesaw Life &c. Ins. Co. v. Hendricks,* 108 Ga. App. 148 (132 SE2d 152) (1963). Furthermore, the court is not aware of any decision which has construed the word *individual* as used in defining agent in Code Ann. § 56-801b (1) to include a corporation. For this reason, the trial judge was not authorized to declare Duncan Peek, Inc., and its agent English Robinson, Jr. to be the agent of Federal Insurance Company as a matter of *statutory* law.

4. Having established that the collateral issues raised on appeal are without merit, the court has proceeded to review on the merits the trial judge's rulings that Robinson and Peek were independent contractors and not the agents of Federal. We affirm.

In responding to the interrogatories of Franwylie, Robinson and Peek admitted that Duncan Peek, Inc. had a written agency agreement (one provision of which describes Peek as an independent contractor) with Federal Insurance Company and with 16 other insurance companies as well. This evidence was before the judge when he considered both motions for summary judgment; and from it, he was authorized to conclude that Duncan Peek, Inc., was an "independent agent." See *Wright Body Works v. Columbus Interstate Ins. Agency,* 233 Ga. 268, 269-270 (210 SE2d 801) (1974); *Beavers Ins. Agency v. Roland,* 135 Ga. App. 263 (217 SE2d 484) (1975).

"In the light of the recent Supreme Court decision in

*Wright Body Works, Inc. v. Columbus Interstate Ins. Agency,* 233 Ga. 268 (210 SE2d 801) (1974) . . . it may now fairly be said that where an insurance company acquiesces in an arrangement with an insurance agent representing it whereby the agent may be expected to act also on behalf of the insured, *the company consents to the dual agency so that the agent* is no longer insulated from responsibility to the insured to effect the agreed-upon coverage on the ground that his undertaking to do so is against public policy. Thus effectively overruled sub silentio are cases such as *Manis v. Pruden,* 145 Ga. 239 (88 SE 967) (1916), applying to an independent insurance agent the 'dual agency' rule enunciated in other types of insurance-agent cases . . ." *Creative Underwriters v. Heilman,* 141 Ga. App. 740, 741 (n. 1) (234 SE2d 371) (1977). (Emphasis supplied.)

The judgments now before the court for review do not encompass a ruling on the factual issues of whether Franwylie has successfully proved negligence and breach of a fiduciary duty owed it by Robinson and Peek. But, even if we assume *arguendo* that Franwylie has carried these evidentiary burdens, it still would not be entitled to a recovery from Federal for the negligence of the "independent agents" Peek and Robinson which occurred while they were acting as the agent of Franwylie. *Pearlman v. United Ins. Co.,* 142 Ga. App. 48 (2) (234 SE2d 845) (1977). Accord, *Hodges v. Mayes,* 240 Ga. 643 (1) (1978) (insurer not liable to insured for exclusive agent's negligence when insurer has consented to the dual agency; the negligence occurred while acting as insured's agent; and theory of recovery against insurer is negligence in hiring). Thus, it was certainly not error for the trial judge to determine the status of Robinson and Peek on summary judgment. See *Hodges v. Mayes,* supra.

The court has noted that in both orders the trial judge found Peek and Robinson to be independent contractors (rather than independent agents). This variation in terminology is not significant. The decisions of both this court and the Supreme Court, as related above, establish that under the facts of this case Duncan Peek, Inc., was an independent agency and solely liable to Franwylie for Robinson's alleged negligence if any fiduciary duty is proved at trial. " 'It is a principle ancient and well settled

that a correct decision of a trial judge will not be reversed by . . . [an appellate court] even though he gives a wrong reason for his judgment.' *Thomas v. Mayor &c. of Savannah,* 209 Ga. 866 (1) (76 SE2d 796)." *Atlas Fin. Co. v. McDonald,* 110 Ga. App. 32 (1) (137 SE2d 762) (1964).

*Judgments affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED NOVEMBER 8, 1977—DECIDED MARCH 16, 1978 — REHEARING DENIED MARCH 31, 1978 — CERT. APPLIED FOR.

*Hansell, Post, Brandon & Dorsey, Hugh E. Wright, J. Allen Maines,* for Robinson et al.

*Jessee, Ritchie & Duncan, C. James Jessee, Jr., George E. Duncan, Jr., Barry L. Roseman, Hurt, Richardson, Garner, Todd & Cadenhead, Robert L. Todd, Nancy E. Underwood,* for Franwylie, Inc.

*Hugh E. Wright, J. Allen Maines, Robert L. Todd, Nancy E. Underwood, Paul T. Talmadge, Jr.,* for Federal Ins. Co. et al.