72842. SHACKELFORD v. GREEN et al.
(349 SE2d 781)

CARLEY, Judge.

Appellee Green and appellant Shackelford were named as co-defendants in a negligence action wherein the plaintiff sought damages for personal injury. According to the allegations of the complaint, the proximate cause of the injury was the negligence of appellant "[w]hile acting as [appellee's] agent. . . ." Both appellee and appellant filed answers and both subsequently filed separate motions for summary judgment. As to appellee, the trial court granted summary judgment, holding there existed no legal relationship between the co-defendants such that appellee would be vicariously liable for appellant's alleged negligence. As to appellant, the trial court denied summary judgment, holding there to be genuine issues of material fact with regard to her negligence.

Although the trial court's certification for the immediate review of its order was secured by appellant, she did not apply to this court

for an interlocutory appeal from the denial of the motion for summary judgment. Instead, she filed the instant direct appeal from the trial court's order. In so doing, appellant has apparently proceeded on the theory that the grant of appellee's motion for summary judgment would be directly appealable pursuant to OCGA § 9-11-56 (h) and the denial of her own motion for summary judgment could then be raised as an ancillary issue in the context of such a direct appeal. See generally *Southeast Ceramics v. Klem*, 246 Ga. 294 (271 SE2d 199) (1980). However, the grant of a motion for summary judgment in a multiparty case will not, standing alone, necessarily authorize the initiation of a direct appeal therefrom by any party to the underlying case. An appeal must be filed by one who has standing to pursue it. OCGA § 9-11-56 (h) " 'gives a *losing* party the right to a direct appeal from an order granting summary judgment on any issue or as to any party even though the judgment is not final. . . . [Cit.]' [Cit.]" (Emphasis supplied.) *Bozard v. J. A. Jones Constr. Co.*, 148 Ga. App. 425, 426 (251 SE2d 362) (1978). Obviously, the plaintiff in the instant underlying tort action is a losing party as to the grant of appellee's motion. However, unless appellant is also a losing party as to that order, she has no standing to file a direct appeal therefrom. Absent a viable ancillary direct appeal, this court would then lack jurisdiction to consider the denial of appellant's own motion for summary judgment. Compare *Southeast Ceramics v. Klem*, supra.

Status as a losing party has been statutorily conferred upon a co-defendant who is being sued in the capacity of a joint tort-feasor and who wishes to appeal the grant of summary judgment in favor of one or more of his other co-defendants. This status results from the provisions of OCGA § 51-12-32 as regards the right of contribution as between joint tort-feasors, which right exists independently of the joint and several liability owed to the plaintiff. "[T]he [effect of the] 1972 amendment to [OCGA § 51-12-32 was to eliminate] the rule that a co-defendant in a tort action is without standing to appeal the grant of summary judgment to another co-defendant against whom he asserts a right of contribution." *Merritt v. McCrary*, 162 Ga. App. 825, 827 (292 SE2d 920) (1982). Appellant and appellee are not, however, being sued in the capacity of joint tort-feasors. "Defendants are joint tort-feasors when their separate and distinct acts of negligence concur to proximately produce an injury. [Cits.]" *Travelers Indem. Co. v. Liberty Loan Corp.*, 140 Ga. App. 458, 461 (3) (231 SE2d 399) (1976). Appellee is alleged to be appellant's principal and, on that basis, plaintiff sought to have appellee adjudicated to be vicariously liable for appellant's alleged act of negligence. "[W]here the liability of the employer for the negligent acts of his employee rests only on the doctrine of respondeat superior, the employer becomes liable although he was not negligent because the employee's negligence was imputed to

him as a matter of law, and thus the nonnegligent employer is not a 'joint tortfeasor' in the sense in which the phrase is ordinarily used. . . ." *Travelers Indem. Co. v. Liberty Loan Corp.*, supra at 461 (3). "An action brought against defendants jointly on the theory that one, as principal, is liable for the tortious acts of another . . . , is a joint action but not a joint cause of action. [Cit.]" *Allen v. Arthurs*, 106 Ga. App. 682, 683 (3) (127 SE2d 819) (1962). Accordingly, OCGA § 51-12-32 and cases construing that provision are not applicable here.

" 'A defendant in a multiparty action, not on a joint cause of action, cannot complain of the direction of a verdict in favor of another defendant. [Cits.]' [Cits.]" *Wilmington Cabinet Co. v. Autry*, 169 Ga. App. 93, 95 (2) (311 SE2d 519) (1983). It follows that appellant, as a co-defendant in a multiparty action which is *not a joint cause of action*, cannot complain of the grant of summary judgment in favor of her alleged vicariously liable co-defendant. As the result of summary judgment in favor of appellee, the plaintiff has lost a potential judgment debtor as to the damages resulting from appellant's alleged negligence, but appellant has not lost a potential source of contribution for those damages. "[A] co-defendant does not have any standing to appeal an order granting summary judgment in favor of another defendant when [his] right has not been adversely affected thereby. [Cit.]" *Northeastern Ins. Agency v. Courson*, 156 Ga. App. 321, 324 (2) (274 SE2d 714) (1980). *Robinson v. Franwylie, Inc.*, 145 Ga. App. 507, 511 (2) (244 SE2d 73) (1978) does not require a different result. "[T]he issue in that case was [only] whether two alleged tortfeasors who already had a valid appeal before the court were entitled to file briefs in a companion case. . . ." *Merritt v. McCrary*, supra at 827. There being no viable direct or interlocutory appeal over which this court would have jurisdiction, appellant's appeal must be dismissed.

*Appeal dismissed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 30, 1986 —
REHEARING DENIED OCTOBER 21, 1986

*E. Wycliffe Orr, Bonnie Oliver*, for appellant.
*John B. Degonia, James T. McDonald, Jr., Joseph Munger*, for appellees.