A95A0988. CLARK, DAVIS & EASLEY INSURANCE AGENCY, INC. v. TILE TECHNOLOGY, INC.
(459 SE2d 450)

SMITH, Judge.

Tile Technology, Inc., is a small business in Dalton, Georgia. One of its employees was injured after the date on which its workers' compensation insurance policy, issued by CIGNA, expired without being renewed. As a result, there was no coverage. Tile Technology brought suit against Clark, Davis & Easley Insurance Agency, Inc. ("Easley"), the independent insurance agency through which it had procured the policy, alleging Easley was negligent in failing to notify Tile Technology of the impending expiration of the policy. The case was tried before a jury, which returned a verdict in the form of special interrogatories, finding the stipulated amount of Tile Technology's damages attributable 40 percent to its own negligence and 60 percent to the negligence of Easley. Easley's motion for judgment notwithstanding the verdict or a new trial was denied, and this appeal ensued.

Easley contends the trial court erred in failing to grant its motion for directed verdict, both at the close of the plaintiff's case and at the close of all evidence, because no evidence was presented from which a jury could have concluded that it breached any duty owed to Tile Technology. We agree and reverse.

Under the well-established general rule, Easley, as an indepen-

dent insurance agency, was acting as Tile Technology's agent in procuring workers' compensation coverage. *European Bakers v. Holman*, 177 Ga. App. 172, 173-174 (2) (338 SE2d 702) (1985). If such an agent is negligent in failing to procure insurance for the principal, the agent may be held liable for any loss that results, to the limits of the policy. *Mosely v. Coastal Plains Gin Co.*, 199 Ga. App. 99, 100 (1) (404 SE2d 123) (1991). But in order for this principle to apply, a duty must exist on the part of the agency toward the principal. *Northeastern Ins. Agency v. Courson*, 156 Ga. App. 321, 323 (1) (274 SE2d 714) (1980). Here, as in *Courson*, no such duty was established.

The policy in issue was a "direct bill" policy, meaning that the policy and any notices were sent directly to the insured by the carrier, not through the agency. The evidence was in conflict on the question of whether Tile Technology received a renewal notice from CIGNA. Tile Technology's president, John Burrell, testified that none was received, while a CIGNA representative testified that one was mailed to the correct address. It is undisputed, however, that Tile Technology was in possession of, or had access to, the policy issued by CIGNA, which clearly states its term (from February 20, 1991 to February 20, 1992) and indicates the date on which renewal was required. Burrell testified that he relied upon Easley for advice regarding the type and amount of insurance the company needed. This evidence would have been relevant to support a claim that Easley failed to procure the correct insurance in the first instance. But neither that evidence nor the fact that Easley arranged premium financing for the workers' compensation policy, which Tile Technology relies upon to support its claim of negligence, remedies the essential failure of proof in this case. Tile Technology failed to introduce the slightest evidence of any agreement, either express or implied, obligating Easley to assure the renewal of the policy or notify Tile Technology of its impending expiration. Easley, on the other hand, presented expert testimony establishing that within the insurance industry, it is not considered a "wise practice" for agents to contact insureds directly with regard to "direct bill" policies after issuance.

It is axiomatic that without establishing a duty owed, one cannot recover for a breach of that duty. See generally *Armor Elevator v. Hinton*, 213 Ga. App. 27, 29 (2) (443 SE2d 670) (1994). Because Tile Technology failed to establish that Easley owed it a duty to send it a renewal notice or otherwise maintain coverage beyond the term of the policy issued, it cannot establish a breach or recover for negligence based upon that breach. The evidence in this case demanded a verdict for Easley, and the trial court erred in denying Easley's motion for a directed verdict.

*Judgment reversed. Birdsong, P. J., and Johnson, J., concur.*

Decided July 12, 1995 — 

*Kenneth R. Starr*, for appellant.

*Coppedge, Goddard & Leman, Warren N. Coppedge, Jr., J. Allen Hammontree*, for appellee.