## STATE v. WALTER CHURCH.

(Filed 4 May, 1955.)

**1. Impersonating an Officer § 1—**

The elements of the offense defined by G.S. 14-277 are a false representation by a person that he is a duly authorized peace officer, and some overt act committed by him upon such representation in usurpation of the authority delegated to duly authorized peace officers.

**2. Impersonating an Officer § 2—**

The State's evidence tended to show that defendant made no oral representation that he was a peace officer, but exhibited a sheriff's association

courtesy card to the prosecuting witness, and stopped his car in such a position as to prevent the prosecuting witness, for a few minutes, from proceeding as he had intended. *Held:* The evidence is insufficient to be submitted to the jury in a prosecution for violation of G.S. 14-277, there being no evidence that the witness was misled or that the defendant used words or took any action which would indicate he intended or attempted to arrest the witness.

BARNHILL, C. J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Sink, Emergency J.,* February Special Term 1955 of GASTON.

The defendant was indicted for impersonating a peace officer, in violation of G.S. 14-277.

The material allegations of the bill of indictment were that the defendant unlawfully and willfully represented to one H. B. Chavis that he was a peace officer and that while acting under such representation undertook to arrest Chavis.

The testimony of H. B. Chavis on the trial, tended to show that on the afternoon of 6 January, 1955 while he was driving with his wife in an automobile along the road near the Sparrow Springs Road he saw the defendant parked on the side of the road looking at some lots; that he passed him and was intending to make a left turn when defendant drove up on witness' left. Witness had to stop as he could not then make the turn due to the position of defendant's car. Defendant got out of his car and showed witness a sheriff's association courtesy card and said he wanted to see his driver's license. The witness said he read the card; that he did not take out his driver's license as it was attached to the steering wheel; that defendant looked in the car, but did not open the door. The witness was detained about ten minutes.

Chavis further testified that he had known defendant since they were in the third grade in 1928; that defendant was drinking, though he would not say he was drunk; that he saw a bottle on the front seat of defendant's car; that defendant did not have a badge, uniform, or weapon. Witness knew defendant had never been on the police force.

The courtesy card referred to had been issued by the North Carolina Sheriffs' Association and printed thereon were these words: "This is to certify that Walter Church, Gastonia, N. C., is entitled to courtesies from all peace officers. (signed) John R. Morris, Sec. Treas., Wilmington, N. C."

Another witness for the State, Edward Groves, testified defendant was under the influence of liquor when he arrested him at his home some eight hours later; that defendant told him he did not attempt to arrest Chavis or to search him but that he told him he was an officer— did not say what kind of an officer; that he found no badges or guns.

The defendant offered no evidence.

The jury returned verdict of guilty, and from the judgment pronounced thereon the defendant appealed.

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

*Max L. Childers and Hugh W. Johnston for defendant, appellant.*

DEVIN, J.   The statute under which this defendant was indicted designates the acts constituting the criminal offense as follows:

"It shall be unlawful for any person other than duly authorized peace officers or officers of the court to represent to any person that they are duly authorized peace officers, and acting upon such representation to arrest any person, search any building, or in any way impersonate a peace officer or act in accordance with the authority delegated to duly authorized peace officers."

The offense defined by the statute consists of two material elements, both of which must be made to appear before the person charged can be convicted.   He must have made a false representation that he is a duly authorized peace officer, and acting upon such representation he must have arrested some person, searched a building, or done some act in accordance with the authority delegated to duly authorized officers.

The charge in the bill of indictment in this instance was that the defendant falsely represented to the witness Chavis that he was a peace officer and that acting upon such representation he attempted to arrest Chavis.

To constitute the offense there must be an intentionally false impersonation of the officer designated in the statute, and the offense must be consummated in accordance with the terms and meaning of the statute.   To constitute the offense requires something beyond the false pretense.   There must be some overt act in furtherance of the false personation.   35 C.J.S. 629, 630.   And it would not be sufficient if the person charged represented himself merely as an officer but not as the particular officer specified in the statute.   *Walker v. State* (Tex.), 229 S.W. 853.

After examining the evidence set out in the record in the light of the specific language of the statute, we reach the conclusion that, while the conduct of the defendant on this occasion was reprehensible, the evidence was insufficient to show a violation of the statute under which he was indicted.

The defendant made no oral representation that he was a peace officer.   The only evidence offered by the State on this point was that

he exhibited the courtesy card referred to, but the witness examined the card and was not misled by it.

While the defendant stopped his car in such a position as to prevent the witness Chavis, for a few minutes, from proceeding as he had intended, the defendant used no words or action which would indicate he intended or attempted to arrest him.

We think the motion for judgment as of nonsuit should have been allowed.

Reversed.

BARNHILL, C. J., took no part in the consideration or decision of this case.

This opinion was written in accordance with the Court's decision and filed by order of the Court after expiration of period of active service of *Devin, J.,* upon recall to serve temporarily as provided by law.