20645

The STATE, Respondent, v. Ronald Stephen FISCHER, Appellant.

(242 S. E. (2d) 437)

*Melvin D. Bannister,* of Greenville, *for Appellant,*

*Daniel R. McLeod, Atty. Gen., Brian P. Gibbes* and *Edward B. Latimer, Asst. Attys. Gen.,* of Columbia, and *William W. Wilkins, Jr., Sol.,* of Greenville, *for Respondent,*

March 16, 1978.

LITTLEJOHN, Justice:

The appellant, Ronald Stephen Fischer, was tried by a jury and convicted (1) of violating § 16-576, Code of Laws of South Carolina (1962) (Supp. 1975), now codified as § 16-17-720, 1976 Code, for impersonating a law-enforcement officer, and (2) of violating § 16-129.1 (now codified as § 16-23-20 in 1976 Code) for illegal possession of a pistol. He has appealed only the conviction for impersonating a law-enforcement officer. We affirm.

Fischer did not testify and his conduct is not in dispute. The gist of the appeal is to contend that his actions were not a violation of the statute. Section 16-576 (Supp. 1975), of which he was convicted, reads as follows:

"Impersonating law-enforcement officer.—It shall be unlawful for any person other than a duly authorized law-enforcement officer to represent to any person that he is a law-enforcement officer and, acting upon such representation, to arrest or detain any person, search any building or automobile or in any way impersonate a law-enforcement officer or act in accordance with the authority commonly given to such officers. . . ."

The facts giving rise to the prosecution were testified to by Greenville County Deputy Sheriff James F. Chambers. He said that he was on duty about 1 o'clock, a. m., on Jan-

uary 26, 1977. He saw a car cut its lights off and back into a side road. As he placed his spotlight on the car of Fischer, a set of blue lights came on from behind the Fischer car front grille. Fischer got out of the car and displayed to Deputy Chambers a badge and identification card, and stated that he was a police officer from the Town of Travelers Rest. Deputy Chambers left the scene and checked with the Travelers Rest Police Department by radio. He learned that Fischer was not a police officer. Apparently he had served as such for approximately two weeks, but had resigned on January 18, about one week before this incident occurred. Deputy Chambers returned to the Fischer car, at which time Fischer assured him that he was still employed by the Town of Travelers Rest Police Department. Deputy Chambers arrested him and took from him a police officer's badge, not issued by the Town of Travelers Rest. He also took a pistol, which was found on the floorboard of the car, and the identification card, which had been signed by an authorized Travelers Rest Official. In addition, he acquired a night-stick, which may or may not have been issued by the Town of Travelers Rest.

The issue before us is one of statutory construction. Fischer submits that the trial judge erred in refusing to grant his motion for a directed verdict and erred in the charge of the law of impersonating an officer. The gravamen of Fischer's argument is that an essential element of the offense is fraudulent intent. He submits that the statute is ambiguous and that the uncertainty should be resolved against the State. We disagree.

One may be guilty of violating the Code section if he . . . "represents to any person that he is a law-enforcement officer and, acting upon such representation, . . . arrest or detain any person, search any building or automobile,"

*or*

he may be guilty if he . . . "represent to any person that he is a law-enforcement officer and, acting upon such represen-

tation, . . . in any way impersonate a law-enforcement officer or act in accordance with the authority commonly given to such officers."

We think that the conduct described hereinabove is included in the proscribed conduct, because Fischer did (1) represent to Deputy Chambers that he was a law-enforcement officer, and (2) acting upon such representation, did in some way impersonate a law-enforcement officer.

It was the explanation of Fischer that he was waiting for the girl across the street to come home. The obvious purpose of the impersonation was to gain the benefit of avoiding or diminishing the consequences of an investigation or possible arrest, and to influence Deputy Chambers to abandon his investigation.

The case of *State v. Church,* 242 N. C. 230, 87 S. E. (2d) 256 (1955), relied upon by Fischer, is not persuasive. The North Carolina statute is quite similar, but Church did not make any representation that he was a peace officer. He merely exhibited a Sheriffs' Association Card with the words printed on it: "This is to certify that Walter Church, Gastonia, N. C., is entitled to courtesies from all peace officers."

Affirmed.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.