## 57647. CALLAHAN v. C. & S. BANK OF HOUSTON COUNTY.

BANKE, Acting Presiding Judge.

This appeal is from the dismissal of the appellant's complaint for failure to state a claim upon which relief can be granted. The 14 paragraphs of the complaint are as follows:

1.

The C. & S. Bank of Houston County is a banking corporation whose registered office and registered agent are in Houston County, Georgia.

2.

By virtue of facts aforesaid, the venue of this action is properly in Houston Superior Court.

3.

The defendant is indebted to plaintiff in the amount

of $61,201.56, together with interest, by virtue of facts hereinafter alleged.

4.

Plaintiff and one Dan Callahan were formerly husband and wife and, during the course of their marriage, had a joint checking account in the defendant bank, the same bearing account No. 100-27-308.

5.

During the course of said marriage, plaintiff and said Callahan maintained a securities account with Thomson, McKinnon, Auckincloss, & Kohlmeyer, Inc., a member of the New York Stock Exchange, said account being in the names of plaintiff and said Callahan as tenants-in-common with right of survivorship.

6.

On or about January 19, 1976, plaintiff and said Callahan separated, and he subsequently filed an action for divorce.

7.

On or about June 22, 1976, said Callahan caused said brokerage firm to sell certain corporate stock jointly owned by plaintiff and said Callahan; and the brokerage firm issued its check in the amount of $61,201.56 payable to said Callahan and plaintiff jointly, and delivered it to said Callahan.

8.

On or about June 23, 1976, said Callahan endorsed said check "for deposit only," carried the same to defendant bank, and deposited it in the bank account hereinabove described.

9.

Simultaneously with the deposit of said check, said Callahan presented a check on said account in the amount of $61,201.56, and the defendant bank handed him the money.

10.

At the time of the perpetration of said acts, and for several years prior thereto, said Callahan was a director of the defendant bank.

11.

Plaintiff had no knowledge whatsoever that said Callahan was depositing said check on which she was a

named payee or that the defendant bank was paying the money over to said Callahan, and she did not learn of said transaction for several days after it had occurred.

12.

Said Callahan was a director of the defendant bank when said transaction was consummated, and was thus an agent of the defendant for whose acts it is liable to plaintiff.

13.

The defendant had actual knowledge of the fraud perpetrated on plaintiff since it was plotted and carried out by one of its own directors.

14.

All of the employees of the defendant bank, specifically including those who carried out the ministerial functions of said transaction, knew that plaintiff and said Callahan were separated and that litigation was pending between them when they turned plaintiff's money over to said Callahan. *Held:*

The endorsement "for deposit only" was proper. See Code Ann. § 109A-4—205. The transaction was a permissible one for a joint account. See Code Ann. § 41A-1603. "Payment made pursuant to 41A-3807 . . . discharges the financial institution from all claims for amounts so paid whether or not the payment is consistent with the beneficial ownership of the account as between parties, P.O.D., payees, or beneficiaries, or their successors." Code Ann. § 41A-3811. It is clear the transaction was a personal one as to Mr. Callahan. An allegation that he was a director of the bank at the time of the transaction does not alter the legality of the transaction, nor does it destroy the bank's protection provided in the statute.

*Judgment affirmed. Underwood and Carley, JJ., concur.*

Submitted April 10, 1979 — Decided May 17, 1979.

*O'Neal, Stone & Brown, H. T. O'Neal, Jr., Kice H. Stone,* for appellant.

*Cowart, Varner & Harrington, Roy N. Cowart,*

*Denmark Groover, Jr.,* for appellee.