## 58645. GRADY v. DEKALB COUNTY TEACHERS FEDERAL CREDIT UNION.

BANKE, Judge.

This is an action by the DeKalb County Teachers Federal Credit Union to recover funds allegedly paid by mistake to the defendant from his former wife's account. The defendant maintains that he was authorized to withdraw the money and thus that he has no liability to the credit union. He appeals the trial court's grant of summary judgment in favor of the credit union and its denial of summary judgment in his favor.

It appears uncontroverted from the record that the account was originally opened in the name of the defendant's former wife. However, she later instructed the credit union to change the account to a joint account with the defendant. He executed a signature card, and the

account was maintained as a joint account for almost a year thereafter. Subsequently, however, Mrs. Grady instructed the credit union to delete the defendant's name from the account and executed a new account agreement purporting to re-establish the account in her name alone. It was following this change that the defendant removed the funds in question from the account. Throughout all of these changes, the number of the account remained the same. Thus, it is not contended that the joint account was closed out and a new one opened in its place. *Held:*

It is clear that once the account was established as a multiple-party account, the defendant acquired the right to draw on it and that his wife could not unilaterally divest him of that right by instructing the credit union to delete his name from it, any more than he could have done so to her. See former Code § 13-2039 (which was applicable at the time of the transactions involved in this case). See also Code Ann. § 41A-3805 (Ga. L. 1976, pp. 1388, 1398) (which is the current statute governing the manner in which the terms of multiple account agreements may be changed). Accord, *Callahan v. C. & S. Bank of Houston Co.,* 150 Ga. App. 62 (256 SE2d 666) (1979). Thus, the defendant has no liability to the credit union for repayment of the funds which he withdrew.

The trial court erred in granting summary judgment to the plaintiff credit union and in denying summary judgment to the defendant.

*Judgment reversed. McMurray, P. J., and Underwood, J., concur.*

SUBMITTED OCTOBER 15, 1979 — DECIDED OCTOBER 26, 1979.

*Walter V. Beasley,* for appellant.
*Walter H. Hotz,* for appellee.