## 61795. PLEASANT HILL ACRES, INC. v. TODD.

BANKE, Judge.

The plaintiff sued the owner of a mobile home park where she had formerly resided, seeking actual damages, punitive damages, and attorney fees for the defendant's alleged interference with her right to possess her automobile. During the course of the trial, she substituted a claim for nominal damages for the claim for actual damages. The jury initially awarded her $3,500 as punitive damages and $2,000 in attorney fees, but no nominal damages. The trial court instructed them that the award could not stand unless it included some amount of nominal damages, whereupon the jury awarded an additional $1.00 as nominal damages. The defendant appeals.

Most of the salient facts are undisputed. The defendant notified the plaintiff on December 15, 1978, that she would have to vacate the mobile home park by February 1, 1979, due to her husband's insistence on parking his tractor-trailer truck within the confines of the park. The plaintiff later agreed to pay the February rent in return for the right to leave the mobile home on the premises after February 1, so as to facilitate its sale, although the defendant's manager testified that the plaintiff could not have removed the unit in any event until she had settled accounts with the corporation. The plaintiff subsequently was given permission to remain living in the unit until February 15; however, she did not actually vacate the premises until February 18 or 19.

This litigation concerns a 1970 Volkswagen automobile which the plaintiff left parked on the lot after moving. The defendant's manager had this car towed away and impounded by a private wrecker service on February 22. She testified that she did so because she believed that the plaintiff had abandoned the vehicle and that it "would be in better hands at a wrecker service than it would be sitting on a vacant lot." She explained that she believed that the car had been abandoned because it had been parked in the same place for many weeks, it had a "for sale" sign in the window, and the plaintiff had told her it was inoperable. Although the plaintiff insisted that the car was not inoperable, she admitted that it had mechanical problems which discouraged her from driving it. The owner of the wrecker company that impounded the car, testifying for the plaintiff, stated that the car was not "driveable" when brought to his lot and also confirmed the manager's testimony that the car had a "for sale" sign in the window.

The defendant did not notify the plaintiff that the car would be towed; and the plaintiff did not notify the defendant that she intended either to leave it or to return for it. The plaintiff did not

learn that the car had been towed until February 28. Her husband went immediately to the wrecker company to reclaim it and was informed that a release was required from the defendant. There is no evidence that the defendant refused to provide the release, and the plaintiff testified that the reason she resorted to legal action instead of merely reclaiming the car was because "I felt like I had been treated unfair because other people did park their trucks there and continued to park there even after we left . . ." The plaintiff finally regained possession of the car approximately nine months later, after filing this suit and joining the wrecker company as a co-defendant. The company was voluntarily dismissed from the case prior to trial. *Held:*

1. The award of nominal damages is affirmed. The jury could reasonably have concluded from the evidence that by paying the February rent, the plaintiff acquired the right to leave her possessions on the premises for the duration of that month. Although the defendant contends that the agreement applied only to the mobile home, this conflicts with the manager's testimony that the plaintiff could not have removed the mobile home in any event until she had paid the past-due rent and late charges which she owed.

We reject the defendant's unsupported assertion that the award was void because the jury entered it in response to the court's instructions that it was necessary to support the awards of punitive damages and attorney fees. The award of nominal damages was clearly based on a determination by the jury that the defendant violated the plaintiff's right to possession of her automobile.

2. The award of punitive damages is reversed. "To authorize the imposition of punitive or exemplary damages, there must be evidence of wilful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences." *Southern R. Co. v. O'Bryan,* 119 Ga. 147 (1) (45 SE 1000) (1903). See also *Guest v. Riddle,* 237 Ga. 535, 537 (228 SE2d 910) (1976); *Ponce de Leon Condominiums v. DiGirolamo,* 238 Ga. 188 (1) (232 SE2d 62) (1977); *Gordon v. Ogden,* 154 Ga. App. 641 (1) (269 SE2d 499) (1980). There is no such evidence in this case. The defendant's manager testified that the car appeared to have been abandoned because it had not been moved in many weeks, because the plaintiff had told her it was inoperable, because it had a "for sale" sign in the window, and because the plaintiff had vacated the premises without taking it with her. The plaintiff offered no evidence which would have authorized the jury to reject this explanation. Thus, there is no support for a conclusion that the defendant acted maliciously or with conscious indifference to the plaintiff's rights, rather than for the purpose of removing for storage a

vehicle which to all appearances had been abandoned on the premises. Accord, *Ford Motor Credit Co. v. Milline,* 137 Ga. App. 585, 590 (242 SE2d 437) (1976).

3. For the same reasons, we find no support for a finding that the defendant acted in bad faith, so as to authorize an award of attorney fees pursuant to Code § 20-1404. See generally *Ponce de Leon Condominiums v. DiGirolamo,* supra, at Division 2. *Gordon v. Ogden,* supra, at Division 2. Nor was the recovery of attorney fees authorized on the basis of stubborn litigiousness since, as our holding in Division 2 illustrates, there was a bona fide controversy regarding the claim for punitive damages. See generally *Nestle' Co. v. J. H. Ewing & Sons,* 153 Ga. App. 328 (265 SE2d 61) (1980). Accordingly, the award of attorney fees is reversed, also.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Carley, J., concur.*

Decided May 19, 1981 —<br>Rehearing denied June 4, 1981

*Griffin Bell, Jr., R. Patrick White, I. Walter Fisher,* for appellant.

*Richard E. Collar, Jr., Mickey G. Roberts,* for appellee.