73451. GLOVER v. J. C. PENNEY CASUALTY INSURANCE COMPANY.
(353 SE2d 587)

McMURRAY, Presiding Judge.

Plaintiff's complaint alleges that he purchased insurance coverage for his automobile from defendant, that his automobile was destroyed by fire and that defendant refused to perform under the terms of the policy. Plaintiff seeks a judgment for the value of his automobile, 25% bad faith penalty, attorney fees and punitive damages for bad faith. In its original answer defendant avers that plaintiff's application for insurance contained material misrepresentations of fact, that if the true facts regarding said misrepresentations had been known to defendant, a policy of insurance would not have been issued, and that because of the misrepresentations of material fact contained in the application for insurance, there is no coverage for the losses claimed by plaintiff.

Plaintiff moved for partial summary judgment "on the grounds that there is no genuine issue of material fact as to liability and that Plaintiff is entitled to judgment as a matter of law regarding this single issue." In his motion plaintiff argues that he is entitled to partial summary judgment in his favor "as a matter of law regarding the issue of liability."

The issues in this appeal center on the trial court's order on plaintiff's motion for partial summary judgment. In that order the trial court found that plaintiff "did not make any material misrepresentation at the time of completing the application for insurance and that Defendant's denial was based solely and exclusively on the contention of material misrepresentation and the Court further finds that since there was no material misrepresentation, Defendant is liable to

Plaintiff under Policy Number 1581381 covering Plaintiff's vehicle which was in full force and effect when the subject loss occurred, and is the subject of this Civil Action." However, the order also states that: "As to the issue raised by Defendant of the Plaintiff keeping and not returning or cashing a refund check for the insurance premium, Plaintiff may have released Defendant in some manner, but a substantial question as to this issue remains and the Court will not address said issue in deciding this Motion since it remains a jury question." The trial court ordered that plaintiff's motion for partial summary judgment "as to insurance coverage is granted and that certain issues as to damages remain for a jury determination."

Subsequently, defendant amended its answer (there was no pre-trial order) alleging that plaintiff cannot recover because the destruction of the automobile was the result of plaintiff's own wilful and deliberate act. At trial defendant was permitted to present evidence, over plaintiff's objection, that plaintiff had destroyed the automobile by arson.

The jury returned a verdict in favor of defendant. On appeal plaintiff contends that, due to the grant of his motion for partial summary judgment, the trial court erred in admitting defendant's evidence as to arson. Plaintiff also enumerates as error the exclusion of certain documentary evidence. *Held*:

1. The trial court's order granting plaintiff's motion for partial summary judgment was interlocutory, not res judicata as to the issues resolved therein, and subject to revision by the trial court at any time prior to final judgment. See 6-Pt. 2 Moore's Federal Practice, § 56.20 [3]. See also *Bradley v. Tattnall Bank*, 170 Ga. App. 821, 822 (1) (318 SE2d 657); and *Robinson v. Franwylie, Inc.*, 145 Ga. App. 507, 509 (1) (244 SE2d 73). See also *Culwell v. Lomas & Nettleton Company*, 242 Ga. 242 (248 SE2d 641). In admitting the evidence of which plaintiff complains, the trial court in substance vacated or set aside its previous order on plaintiff's motion for summary judgment. This action was within the authority of the trial court. Consequently, we find no error in the admission of the defendant's evidence as to arson.

2. Plaintiff also enumerates as error the exclusion of two of his exhibits. These documents were claims procedures manuals used by defendant and could have been relevant only in regard to plaintiff's bad faith claim. The jury's verdict indicates that they did not reach the bad faith issue, therefore, any error in the exclusion of plaintiff's exhibits is harmless and does not require reversal. *Owens v. Svc. Fire Ins. Co.*, 90 Ga. App. 553 (3) (83 SE2d 249).

*Judgment affirmed. Pope, J., concurs. Carley, J., concurs in the judgment only.*

Decided January 29, 1987 —
Rehearing denied February 12, 1987.

*Gilchrist M. Gibson, Catherine G. Lynch*, for appellant.
*Eugene W. Hope, George A. Haas*, for appellee.