A91A0048. RAWLINS v. CAMPBELL.
(405 SE2d 111)

CARLEY, Judge.

Appellant-plaintiff brought suit, seeking to recover for appellee-defendant's alleged conversion of funds from an account which had been opened at a financial institution. Appellee answered and, after discovery, moved for summary judgment. The evidence established that, as the account was originally created, appellee and E. D. Rawlins were joint tenants with the right of survivorship. Prior to his death, however, Rawlins had purported to add the name of appellant to the account and appellant signed the signature card as the ostensible third joint tenant. After Rawlins' death, appellee withdrew the funds and closed the account. On this evidence, the trial court granted appellee's motion for summary judgment and appellant appeals from that order.

The "rights of survivorship are determined by the form of the account at the death of a party. Once established, the terms of a multiple-party account can be changed *only*: (1) By closing the account and reopening it under different terms; or (2) By presentation to the financial institution of a modification agreement in a form satisfactory to the financial institution and signed by all parties with a pre-

sent right of withdrawal." (Emphasis supplied.) OCGA § 7-1-814. It is undisputed that the multiple-party account that is here at issue was never closed and reopened under different terms and that appellee never signed a modification agreement. OCGA § 7-1-814 constitutes "a clear and unambiguous statement of the public policy of this state, and as such, this court has no authority to place a different construction upon the statutory requirements therein contained, but must construe the statute according to its terms. [Cit.]" *Time Ins. Co. v. Lamar*, 195 Ga. App. 452, 453 (1) (393 SE2d 734) (1990). Accordingly, the terms of a multiple-party account, including the designation of those parties who have the right of withdrawal, can be changed *only* by compliance with the requirements of OCGA § 7-1-814. *Grady v. DeKalb County Teachers Fed. Credit Union*, 152 Ga. App. 86 (262 SE2d 250) (1979).

Appellant urges that the broad and general language of the account agreement that appellee signed when the account was originally created should be construed as evidencing appellee's agreement that, notwithstanding OCGA § 7-1-814, Rawlins could unilaterally add the name of anyone of his choosing to the account. However, even assuming that the language of the account agreement would admit of such a construction, that construction could not be adopted because it would be violative of the *public policy* evidenced by OCGA § 7-1-814. It is well settled that parties "are free to contract about any subject matter, on any terms, *unless prohibited* by constitutional law, statutory law, or public policy. [Cit.]" (Emphasis supplied.) *National Consultants v. Burt*, 186 Ga. App. 27, 30 (2) (366 SE2d 344) (1988). "Under basic principles of contract law, it is axiomatic that, as long as the provisions of a given contract are in *compliance with the requirements of governing statutes*, the parties to the contract may include provisions different from, or more liberal than, those prescribed in the statute or statutes." (Emphasis supplied.) *Jones v. Barnes*, 170 Ga. App. 762, 764-765 (318 SE2d 164) (1984). As noted, OCGA § 7-1-814 establishes that the *public policy* of this state is that the terms of a multiple-party account can be changed *only* by compliance with the requirements of that statutory provision. *Time Ins. Co. v. Lamar*, supra; *Grady v. DeKalb County Teachers Fed. Credit Union*, supra.

At the time of Rawlins' death, the terms of the account had not been changed pursuant to OCGA § 7-1-814 and appellee was the only surviving joint tenant. It follows that the trial court correctly granted summary judgment in appellee's favor.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED APRIL 1, 1991.

*Smith & Welch, J. Mark Brittain, Ben W. Studdard III*, for appellant.

*C. Alan Mullinax, Walter C. Alford*, for appellee.