A92A1946. RALSTON v. ETOWAH BANK et al.
A92A1947. ETOWAH BANK v. CARSON et al.
(429 SE2d 102)

ANDREWS, Judge.
In 1981, James Carson and his wife, Viola Carson, created a joint

checking account with right of survivorship in their names at Etowah Bank. See OCGA § 7-1-810 et seq. In 1986, Ms. Carson requested the Bank to add her nephew, Joseph Ralston, as a party to the joint account. The Bank added Ralston to the existing account without notifying Mr. Carson, or otherwise obtaining his approval. See OCGA § 7-1-814. Ms. Carson died on March 7, 1988, and on March 10, 1988, at Ralston's request, the Bank transferred $50,000 from the joint account into an account established at the Bank under Ralston's control. After Mr. Carson discovered the $50,000 withdrawal, he sued the Bank under tort and breach of contract theories alleging it wrongfully disbursed the $50,000. The Bank brought a third-party complaint against Ralston claiming he was unjustly enriched, and liable for any sums recovered by Mr. Carson against the Bank. Ralston counterclaimed against the Bank for damages he allegedly suffered as a result of the Bank's negligence.

The trial court granted partial summary judgment in favor of Mr. Carson against the Bank for the amount of the $50,000 withdrawal, plus interest. Mr. Carson's claims for punitive damages and attorney fees were reserved for trial under the terms of a subsequent pre-trial order. Prior to trial, the Bank voluntarily paid the judgment in favor of Mr. Carson. The trial court granted partial summary judgment in favor of the Bank on its third party complaint against Ralston in the amount of the $50,000 withdrawal, plus interest. Ralston's claim for damages against the Bank was preserved in the pre-trial order.

The case was tried before a jury, which rendered a verdict in favor of Mr. Carson and against the Bank under the negligence claim in the amount of $9,217.85 for attorney fees, and an additional $50,000 for punitive damages. On Ralston's claim against the Bank, a verdict was rendered in favor of the Bank. The Bank appeals in Case No. A92A1947, and Ralston appeals in Case No. A92A1946.

### Case No. A92A1947

1. The Bank claims the trial court erred in granting partial summary judgment in favor of Mr. Carson. The record reflects the Bank voluntarily paid the judgment. "[T]he voluntary payment of the judgment by an appellant renders moot the issues sought to be determined on appeal." *Imperial Body Works v. Nat. Claims Svc.*, 158 Ga. App. 241, 243 (279 SE2d 534) (1981).

2. We find no error in allowing the jury to consider Mr. Carson's claims for attorney fees and punitive damages under a negligence theory. In its pre-trial grant of partial summary judgment, the trial court awarded compensatory damages under Count 1 of Mr. Carson's complaint, which can be liberally construed to state a tort claim for negligent disbursement of funds in the account. The pre-trial order recited

the previous award of compensatory damages in favor of Mr. Carson, and preserved the claims for attorney fees and punitive damages based on the Bank's alleged negligence.

Evidence showed the Bank added Ralston as a party to the joint account in violation of OCGA § 7-1-814. Once the joint account was established in the names of Mr. and Ms. Carson, its terms could be changed only by "closing the account and reopening it under different terms," or "[b]y presentation to the [Bank] of a modification agreement in a form satisfactory to the [Bank] and signed by all parties with a present right of withdrawal." OCGA § 7-1-814; *Rawlins v. Campbell*, 199 Ga. App. 472, 473 (405 SE2d 111) (1991). Under OCGA § 7-1-814 a public policy has been established that "the terms of a multiple-party account, including the designation of those parties who have the right of withdrawal, can be changed *only* by compliance with the requirements of [the statute]." (Emphasis in original.) Id. When Ralston was added, the account was neither closed and reopened, nor was Mr. Carson notified. The Bank's actions could constitute not only a breach of its contractual obligations under the joint account (compare *Bank South, N. A. v. Harrell*, 181 Ga. App. 64, 67 (351 SE2d 263) (1986)), but also a tortious breach of the public policy imposed under OCGA § 7-1-814 upon creation of the account. See *Fidelity Nat. Bank v. Kneller*, 194 Ga. App. 55, 62 (390 SE2d 55) (1989); *First Ga. Bank v. Webster*, 168 Ga. App. 307, 308 (308 SE2d 579) (1983); *Tower Financial Svcs. v. Smith*, 204 Ga. App. 910, 916 (423 SE2d 257) (1992).[1]

3. Nevertheless, the evidence under Carson's negligence claim was insufficient to support the award of punitive damages against the Bank. Under OCGA § 51-12-5.1 (b) "[p]unitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." "Something more than the mere commission of a tort is always required for punitive damages. There must be circumstances of aggravation or outrage. . . ." (Punctuation omitted.) *Ivey v. Golden Key Realty*, 200 Ga. App. 545 (408 SE2d 811) (1991). "Mere negligence, although gross, will not alone authorize the recovery of punitive damages." (Citations and punctuation omitted.) *Petrolane Gas Svc. v. Eusery*, 193 Ga. App. 860, 861 (389 SE2d 355) (1989). The

---

[1] Since Mr. Carson claims the Bank improperly changed the terms of the joint account by adding Ralston without compliance with OCGA § 7-1-814, this is not a case where the Bank is protected from liability for payments made to a proper party. Compare OCGA §§ 7-1-816; 7-1-820; 7-1-810 (7); *Echols v. Trust Co. Bank*, 198 Ga. App. 340 (401 SE2d 565) (1991).

Bank's actions in adding Ralston to the account, failing to notify Mr. Carson, and disbursing funds to Ralston, is evidence of negligence, perhaps gross negligence, but it is not the type of clear and convincing evidence necessary to support the imposition of punitive damages under OCGA § 51-12-5.1 (b). The trial court erred in denying the Bank's motion for a directed verdict on punitive damages, and all punitive damages must be written from the judgment.

4. The basis for seeking recovery of attorney fees in this case was stubborn litigiousness, or the causing of unnecessary trouble and expense. OCGA § 13-6-11. Thus, the issue is whether a bona fide controversy existed between the parties. *Read v. Benedict*, 200 Ga. App. 4, 6 (406 SE2d 488) (1991). Since there was a bona fide controversy regarding the punitive damages sought by Mr. Carson throughout the litigation, recovery of attorney fees was not authorized, and the Bank's motion for a directed verdict on this issue should have been granted. *Pleasant Hill Acres v. Todd*, 158 Ga. App. 730, 732 (282 SE2d 148) (1981). The award of attorney fees must, likewise, be written from the judgment.

5. There is no merit in the Bank's contention that the trial court was without authority to amend its summary judgment order in favor of Mr. Carson to reflect pre-judgment interest. The pre-trial order granting partial summary judgment in favor of Mr. Carson "was interlocutory, not res judicata as to the issues resolved therein, and [remained] subject to revision by the trial court at any time prior to final judgment." *Glover v. J. C. Penney Cas. Ins. Co.*, 181 Ga. App. 753, 754 (353 SE2d 587) (1987).

6. Assuming the trial court erred by allowing Mr. Carson to invoke the rule of sequestration as to a Bank officer subpoenaed by him, without any showing the witness was considered hostile or adverse, the error was harmless. See *Travelers Ins. Co. v. Trans State*, 172 Ga. App. 763, 764 (324 SE2d 585) (1984).

## Case No. A92A1946

7. Ralston argues the trial court erred by granting partial summary judgment to the Bank on its third-party claim finding him liable to the Bank for the $50,000 he withdrew from the joint account. Ralston concedes he was added to the joint account in violation of OCGA § 7-1-814, but contends that when the Bank added him as a party to the joint account at Ms. Carson's direction, he obtained a contractual right to withdraw funds from the account.

The only relation between Mr. Carson's action against the Bank, and the Bank's third-party claim against Ralston is that Ralston is alleged to have been unjustly enriched by refusing to return the $50,000 withdrawal to the account. This is a separate cause of action

against Ralston for withdrawal of these funds not dependent upon the outcome of Mr. Carson's claim against the Bank. See *Quality Ford Sales v. Greene*, 201 Ga. App. 206, 207 (410 SE2d 389) (1991). "Only one who is secondarily liable to the original defendant may be brought in as a third-party defendant, as in cases of indemnity, subrogation, contribution, warranty and the like." (Citations omitted.) Id. at 207; OCGA § 9-11-14. There was no basis for a third-party complaint by the Bank against Ralston, and the trial court erred in granting partial summary judgment in favor of the Bank.

We find, however, Ralston's assertion of error was rendered moot when, apparently recognizing his precarious position, he paid the $50,000 into the registry of the court. In a separate cause of action, consolidated with the present case, Ralston paid the $50,000 to the court, and asked for a determination as to ownership of the funds. The trial court subsequently entered a pre-trial order finding Ralston had interpleaded the funds, and ruling that he had no claim to them. No error is claimed in the entry of this order. The trial court allowed Ralston to proceed to trial on his claim against the Bank seeking damages incurred as a result of the Bank's negligence.

8. Ralston claims the trial court erroneously excluded evidence of how Ms. Carson intended to dispose of her estate; a copy of her will; evidence of her intentions for the funds in the account, and evidence of Mr. Carson's financial circumstances. The trial court properly excluded all of this evidence on the basis that it was not relevant to the issue of whether the Bank negligently harmed Ralston. The trial court allowed evidence of the actual transaction between Ms. Carson and the Bank, including all her actions taken and statements made requesting Ralston's addition as a party on the account. Ms. Carson's intentions in making the request, and the source of funds in the account were not relevant to whether the Bank properly responded to her request.

9. We find no support in the record to sustain Ralston's claim that the trial court improperly excluded testimony regarding the Bank's responsibility to a party to the account.

10. Ralston claims the trial court erred by refusing to allow him to testify as to what he felt had been accomplished when he went to the Bank with Ms. Carson. Ralston had already testified as to his recollection of everything which occurred while he and Ms. Carson were at the Bank. In any event, after the trial court sustained an objection to the question, Ralston failed to proffer the testimony he claims was improperly excluded. Accordingly, the claimed error was not preserved for appellate review. *Bowman v. State*, 186 Ga. App. 544, 549 (368 SE2d 143) (1988), rev'd on other grounds, 258 Ga. 829 (376 SE2d 187) (1989).

*Judgment affirmed in Case No. A92A1946, and affirmed with di-*

rection in Case No. A92A1947. *Birdsong, P. J.,* and *Beasley, J.,* concur.

DECIDED FEBRUARY 22, 1993 —
RECONSIDERATION DENIED MARCH 12, 1993 —

*Bishop & McElyea, Barry W. Bishop, M. Ellen McElyea,* for Etowah Bank.
*Edmund A. Waller,* for Ralston.
*Bray & Johnson, Roger M. Johnson,* for Carson.