A93A0963. BUCKLEY v. HERCULES BRUNSWICK FEDERAL CREDIT UNION.
(430 SE2d 863)

McMURRAY, Presiding Judge.

Hercules Brunswick Federal Credit Union ("credit union") filed a petition to resolve opposing claims asserted by Sidney Buckley and William T. Carter (defendants) to a share draft account with a principal balance of $37,169.48. The credit union alleged that the account was opened by a now deceased credit union member, Chester R. Buckley, and that it is in possession of an agreement, dated March 25, 1965, identifying William T. Carter and Chester R. Buckley as joint owners of the account with rights of survivorship. Sidney Buckley answered admitting that a dispute exists over ownership of the account and counterclaimed, alleging the credit union "has been negligent in maintaining the documentation proving that [he] is the owner thereof." William T. Carter filed a motion for summary judgment and his affidavit, deposing that Chester R. Buckley "mailed to him during the course of his life, a signature card to sign making him joint owner of [the] account . . ., which he executed on March 25, 1965 [and] which now is in the [credit union's] possession." Sidney Buckley filed his affidavit, deposing that Chester R. Buckley "had [him] execute

a joint share agreement making [him] the joint owner of [the] account[; that after] Chester R. Buckley's death, [he] went to Hercules Brunswick Federal Credit Union and inquired of Claudia Herrington, an agent and employee of Hercules Brunswick Federal Credit Union, as to the status of [the] account [and that] Claudia Herrington allowed [him] to view the joint share account agreement card [indicating that he is] joint owner of the account, with rights of survivorship after the death of Chester R. Buckley." Sidney Buckley further deposed that he "went back [to the credit union] on several occasions [and that Claudia Herrington] stated among other things that she could not find the card."

The trial court denied the motion for summary judgment. However, Sidney Buckley withdrew his claim to the share draft account before trial, pressing only his counterclaim against the credit union for misplacing account records. Specifically, Sidney Buckley's attorney stipulated at a pretrial hearing "that because of loss of the [share draft agreement] card, in favor of my client, that we are unable to prove that our claim against the funds is superior to Mr. Carter's claim [and], as a result . . . Hercules Federal Credit Union would be liable to my client for an amount identical to the amount contained in the account." The following then transpired: "THE COURT: Okay, you do stipulate. Let me make clear, I mean, let me make certain the record is clear. You do stipulate that you do not wish to make a contest or an issue of fact before a jury as to Mr. Carter's entitlement to the funds under his card, which shows him [as] holding a joint account with right of survivorship? [SIDNEY BUCKLEY'S ATTORNEY]: That is correct, Your Honor. THE COURT: You do not wish to make a jury issue with respect to whether or not Mr. Carter is entitled to the funds as the survivor of that account? [SIDNEY BUCKLEY'S ATTORNEY]: That is correct; and the reason for that, Your Honor, we cannot prevail on that issue is because our evidence was lost [and] our claim is based upon [the credit union's] negligence in losing that card . . . that would allow us to be able to prevail on the matter."

The trial court entered judgment for William T. Carter based on the withdrawal of Sidney Buckley's claim to the share draft account. The trial court also entered judgment for the credit union, finding it inconsistent for William T. Carter to recover as owner of the account and for Sidney Buckley to recover based on a claim that the credit union misplaced records which allegedly prove that he is owner of the account. This appeal followed. *Held*:

1. Sidney Buckley contends the trial court erred in entering judgment for the credit union, arguing that genuine issues of material fact remain with regard to the credit union's liability for failing to maintain records evidencing his ownership of the share draft account. We

do not agree.

Damages cannot be awarded simply because the credit union misplaced records indicating that Sidney Buckley is owner of the share draft account. There must be evidence that the negligent act resulted in the injury inflicted. *Housing Auth. of Atlanta v. Famble*, 170 Ga. App. 509, 512 (317 SE2d 853). In the case sub judice, any interest Sidney Buckley may have had in the share draft account was not extinguished when the credit union allegedly misplaced a card bearing his signature and identifying him as joint owner of the account. Sidney Buckley forfeited any claim to the account when he stipulated that he could not defeat proof that William T. Carter and Chester R. Buckley owned the account as joint tenants with rights of survivorship. See *Rawlins v. Campbell*, 199 Ga. App. 472 (405 SE2d 111), for discussion of statutory procedure required for changing terms of a multi-party account. Consequently, the trial court did not err in entering judgment for the credit union on Sidney Buckley's counterclaim.

2. The credit union's motion to dismiss this appeal is denied.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED APRIL 19, 1993.

*Lissner, Killian, Cunningham & Boyd, Robert P. Killian*, for appellant.

*Nathan & Nathan, Ivan H. Nathan*, for appellee.