A96A0097. GEORGIA FARM BUREAU MUTUAL INSURANCE
COMPANY, INC. v. MILLER et al.

(473 SE2d 189)

Pope, Presiding Judge.

Defendant Georgia Farm Bureau Mutual Insurance Company, Inc. appeals the trial court's denial of its motion for judgment notwithstanding the verdict.

In August 1988, a 1984 Volkswagen Rabbit GTI automobile insured by Georgia Farm Bureau was stolen. Georgia Farm Bureau paid its insured the value of the vehicle, and applied to the Department of Motor Vehicles (DMV) for a stolen/unrecovered title to the vehicle. The DMV advised Georgia Farm Bureau that its records indicated the car was stolen, and advised Georgia Farm Bureau to contact the reporting authority to remove the stop/stolen flag. The car was recovered in February 1989, and Georgia Farm sold the car, through a salvage company, to defendant BMVW, Inc. Georgia Farm Bureau did not attempt to obtain a clear title and did not notify the DMV that the vehicle had been recovered prior to selling it to BMVW.

In mid-April 1989, plaintiffs/appellees Donald and Matthew Miller (father and son) purchased the car from defendant BMVW. Plaintiffs knew the car had been stolen and recovered and that the serial plate under the dash (VIN number) was missing. Although plaintiffs expressed concern about the missing VIN number, they went forward with the purchase of the car after reviewing documents referencing a complete VIN number for the car, and receiving assurances from the owner of BMVW that everything was in order. Donald Miller paid for the car by check, and then he and Matthew obtained a loan from a local bank for the purchase amount. The bank retained the documentation on the car, and informed plaintiffs it would take the necessary steps to obtain the tag and title.

Approximately five months later, on September 8, 1989, Matthew was stopped while driving the vehicle to work and ticketed for driving the car without a tag. Matthew was stopped again that evening while on his way home from work, and after a police check showed the car as stolen, was charged and arrested for possession of a vehicle with removed/altered identification numbers. Matthew was handcuffed and taken to jail where he remained for approximately eight hours before posting bail. After months of negotiations with the prosecuting attorney, the charges against Matthew were nolle prossed.

Plaintiffs initially filed suit against BMVW seeking compensatory and punitive damages, attorney fees and expenses of litigation based on claims of negligence, negligence per se, gross negligence, alleged violations of Georgia's Fair Business Practices Act and fraud. BMVW answered and filed a counter complaint against Georgia

Farm Bureau, and Georgia Farm Bureau was later added as a third-party defendant. Plaintiffs also filed a separate complaint against Georgia Farm Bureau, alleging negligence, negligence per se, gross negligence, and fraud and seeking compensatory and punitive damages, attorney fees and expenses of litigation.

The case proceeded to trial. During the proceedings the trial court granted Georgia Farm Bureau's motion for directed verdict on the fraud, negligence per se and stubborn litigiousness claims, and granted BMVW's motion for directed verdict on plaintiffs' claims under the Fair Business Practices Act and their fraud claim. The jury found in favor of plaintiffs against both defendants, awarding Matthew Miller $8,000 in compensatory damages and $7,200 in attorney fees and Donald Miller $2,000 in compensatory damages and $800 in attorney fees. The jury also awarded Matthew Miller $9,000 in punitive damages from Georgia Farm Bureau and $1,000 in punitive damages from BMVW. The jury found against Georgia Farm Bureau on BMVW's third-party complaint, and awarded BMVW $9,300 plus interest. Georgia Farm Bureau filed a motion for j.n.o.v., and following the denial of its motion, filed the present appeal to this Court.

1. (a) Georgia Farm Bureau contends the trial court erred in failing to bifurcate the trial on punitive damages, arguing that OCGA § 51-12-5.1 (d) requires bifurcation unless waived by the parties. We agree with Georgia Farm Bureau that this Code section required the trial court to bifurcate the trial on the punitive damages claim from the main trial, and that the trial court erred in failing to conduct the proceedings according to OCGA § 51-12-5.1 (d). *McClure v. Gower*, 259 Ga. 678, 684 (3) (385 SE2d 271) (1989); *City of Monroe v. Jordan*, 201 Ga. App. 332, 334 (3) (411 SE2d 511) (1991).

(b) Moreover, we also find merit to Georgia Farm Bureau's contention that the evidence did not authorize an award of punitive damages in this case.

Pursuant to OCGA § 51-12-5.1 (b), punitive damages are authorized in tort cases only when "it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." " 'The latter expression relates to an intentional disregard of the rights of another knowingly or wilfully disregarding such rights.' [Cit.]" *Ponce de Leon Condos. v. DiGirolamo*, 238 Ga. 188, 189 (1) (232 SE2d 62) (1977). " 'Something more than the mere commission of a tort is always required for punitive damages. There must be circumstances of aggravation or outrage. . . .' (Punctuation omitted.) *Ivey v. Golden Key Realty*, 200 Ga. App. 545 (408 SE2d 811) (1991)." *Ralston v. Etowah Bank*, 207 Ga. App. 775, 777 (3) (429 SE2d 102) (1993). "Negligence, even gross negligence, is inadequate to sup-

port a punitive damage award. [Cit.]" *Colonial Pipeline Co. v. Brown,* 258 Ga. 115, 118 (3) (b) (365 SE2d 827) (1988). Although, construed in plaintiffs' favor, the evidence presented authorized the jury to conclude that Georgia Farm Bureau was negligent, given the evidence presented at trial concerning industry customs and procedures, and applying the clear and convincing standard, we cannot say that a knowing or wilful disregard of plaintiffs' rights was shown. *Fulton v. Anchor Savings Bank,* 215 Ga. App. 456, 468 (6) (452 SE2d 208) (1994). It follows that the punitive damages award must be reversed.

2. We have examined Georgia Farm Bureau's remaining enumerations of error and find them to be without merit.

*Judgment affirmed in part, reversed in part, and case remanded with direction. Andrews and Smith, JJ., concur.*

DECIDED JUNE 20, 1996 —
RECONSIDERATION DENIED JULY 8, 1996 — ▮▮▮▮▮▮▮▮

*Fain, Major & Wiley, Charles A. Wiley, Jr., Robert G. Mikell,* for appellant.

*Mottern & Van Gelderen, Leon A. Van Gelderen, Eric D. Miller,* for appellees.